342 So.2d 104 (1977)
Camille JONES, Appellant,
v.
AIRPORT RENT-A-CAR, INC., a Florida Corporation, and James Howard King, Appellees.
No. 76-1133.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Goodhart & Rosner, Miami, Beermann, Swerdlove, Woloshin & Barezky, Chicago, Ill., for appellant.
Corlett, Merritt, Killian & Mascaro, Robyn Greene, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
*105 HENDRY, Chief Judge.
Plaintiff-appellant sued defendants-appellees for damages for bodily injuries when appellant was allegedly struck by a vehicle owned by appellee, Airport Rent-A-Car, Inc. and driven by appellee-King. The trial of the case before a jury resulted in a not guilty verdict for appellees on the issue of negligence. Appellant appeals from the judgment for appellees entered on the verdict and from the denial of her motion for new trial.
Appellant claims as error the trial judge's refusal to grant her motion for new trial, in that the verdict of the jury was clearly against the manifest weight of the evidence.
We have held that in order to overturn a trial judge's denial of a motion for new trial, it is incumbent upon an appellant to clearly demonstrate an abuse of discretion. Pix Shoes of Miami, Inc. v. Howarth, 201 So.2d 80 (Fla.3d DCA 1967). In that the jury rendered its verdict based upon competent substantial evidence, no abuse of discretion has been shown on the part of the trial judge in denying appellant's motion for new trial. Billman v. National Merchandise Co., Inc., 311 So.2d 403 (Fla.1st DCA 1975); Jennings v. City of Winter Park, 250 So.2d 900 (Fla.4th DCA 1971).
The only other contention of appellant that need be discussed is that the trial judge committed reversible error in failing to allow appellant to use appellee-King's deposition at trial for impeachment purposes. Said deposition did not appear in the court file at the time of trial and only after trial did appellant's counsel offer an explanation, by way of affidavit, as to its whereabouts. Apparently, the deposition, which had been taken more than one year prior to trial, had been transcribed and filed some two working days before trial, but had not yet been removed from the clerk's office to the court file. Appellees had neither been notified of the transcription of the deposition nor given a copy of said deposition prior to trial.
After having carefully reviewed the record in the proceedings, along with the excluded deposition, we are of the opinion that the complained of act could not have injuriously affected the substantial rights of appellant and therefore, error, if any, was harmless. Section 59.041, Florida Statutes (1975).
We have considered the record, all points in the briefs and arguments of counsel and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.