404 So.2d 1123 (1981)
FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, a Corporation, Appellant,
v.
Alfred DuPont DENT and Dent and Andrew G.P. Hobbs, Individually and Doing Business As Computer Institute of North America, Inc., Appellees.
No. OO-113.
District Court of Appeal of Florida, First District.
October 20, 1981.
*1124 John W. Harrell of Harrell & Perrine, Jacksonville, and David W. Foerster of Foerster & Hodge, Jacksonville, for appellant.
John F. Fannin, Jacksonville, for appellees.
PER CURIAM.
Florida First National Bank of Jacksonville (bank) seeks review of the trial court's order denying its motion for new trial and for directed verdict. We affirm.
On August 22, 1969, the Computer Institute of North America (CINA), lessee, executed a lease agreement with the bank, lessor. The instrument was signed by the bank's cashier and by an assistant vice president. CINA's president and secretary signed the document as did Hobbs and Dent. On October 2, 1969, Dent and Hobbs signed a guaranty agreement providing they would guarantee all obligations which CINA owed the bank. CINA never took possession due to a disagreement within its corporate self. Dent, Hobbs and other CINA stockholders then formed the Computer Institute of Florida (CIF), a separate corporate entity which moved onto the premises originally leased by CINA. Dent and Hobbs owned over fifty percent (50%) of the CIF stock. In 1971, Dent, CIF's president, asked the bank to find another tenant because CIF was closing. The bank sued Dent and Hobbs on the lease individually, as partners and as guarantors. At trial, the court refused to admit the leasing agreement because it had been improperly executed. No other evidence was admitted and the court directed a verdict in favor of Hobbs and Dent.
On appeal, this court held that although the agreement was improperly executed, the lease was admissible as evidence of an underlying agreement for which Hobbs and Dent could be liable under the guaranty agreement. Florida First National Bank v. Dent, 350 So.2d 481 (Fla. 1st DCA 1977). This court remanded the cause and the trial court retried the matter on the issues of whether appellees ratified the lease by occupying the premises and whether they were liable under the guaranty agreement. The jury returned the verdict finding Hobbs and Dent had not ratified the lease, that the guaranty agreement covered indebtedness due the bank from CINA but there was no corporate indebtedness. The bank moved for a new trial and renewed its previous motion for a directed verdict. The trial court entered an order denying the motions. The bank appeals this denial.
The trial court enjoys broad discretion in considering whether to grant a motion for new trial and that discretion will not be disturbed on appeal absent a clear showing of abuse. Saunders v. Smith, 382 So.2d 1254 (Fla. 4th DCA 1980); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). Further, a trial court should not grant a motion for new trial unless a jury of reasonable people could not have reached the verdict rendered. City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977); Griffis v. Hill, 230 So.2d 143 (Fla. 1969). The bank has failed to demonstrate reversible error. Dent testified he and Hobbs were not partners. Mason, one of the bank's executives, testified that CINA never moved onto the leased premises, that the bank was aware CIF moved onto the leased premises, and that the bank was aware CIF was a separate corporate entity. Mason also testified Dent and Hobbs did not maintain a personal *1125 office on the leased premises. This evidence is sufficient to sustain the jury's determination. The trial court was, therefore, correct in denying the motion for new trial.
A motion for directed verdict after the jury returns a verdict should be granted only when the evidence, taken in a light most favorable to the opposing party, demonstrates a jury could not reasonably differ on the existence of a material fact and the moving party is entitled to a judgment as a matter of law. Forshee v. Peninsular Life Insurance Co., 370 So.2d 842 (Fla. 3rd DCA 1979). The evidence presented below does not meet this standard. Therefore, the motion was appropriately denied. The bank's other contentions do not warrant reversal. Accordingly, the order is affirmed.
AFFIRMED.
McCORD and WENTWORTH, JJ., and LILES, WOODIE A. (Retired), Associate Judge, concur.