466 So.2d 1125 (1985)
Barbara LIGMAN, Appellant,
v.
Jeffrey TARDIFF, M.D., Appellee.
No. 84-127.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 24, 1985.
Gerald E. Rosser, Miami, for appellant.
*1126 Philip T. Weinstein and Eliot R. Weitzman, Miami, for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
HENDRY, Judge.
The appellant, Barbara Ligman, sued the appellee, Dr. Jeffrey Tardiff, in a medical malpractice action seeking damages resulting from a "blepharoplasty" (eyelid surgery) operation. The jury returned a verdict finding Dr. Tardiff negligent and awarded Ms. Ligman damages in the amount of $175,000. The trial court entered final judgment upon the jury verdict. Thereafter, Dr. Tardiff filed post-trial motions seeking a judgment notwithstanding the verdict and in the alternative, a new trial. The lower court entered the now appealed from order which directed a verdict for Dr. Tardiff and stated that if the directed verdict were reversed on appeal, a new trial would be granted.
Initially, we note that it was proper procedure for the trial court to rule on the motion for judgment notwithstanding the verdict as well as the alternative motion for new trial. In the interest of judicial efficiency this method has been approved by both the Florida Supreme Court and the district courts of appeal. Ford Motor Co. v. Kikis, 401 So.2d 1341 (Fla. 1981); Reams v. Vaughn, 435 So.2d 879, 881 (Fla. 5th DCA 1983); Navarro v. City of Miami, 402 So.2d 438 (Fla. 3d DCA 1981); Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973), cert. denied, 295 So.2d 301 (Fla. 1974); Stupp v. Cone Brothers Contracting Co., 135 So.2d 457 (Fla. 2d DCA 1961), cert. dismissed, 142 So.2d 92 (Fla. 1962). The trial court's post-trial order directing a verdict for Dr. Tardiff, however, cannot be upheld.
In ruling on a motion for directed verdict, the court must view the evidence adduced and every conclusion inferable therefrom in a light most favorable to the non-moving party, resolving every conflict and inference in favor of that party. Reams v. Vaughn; Dent v. Casale, 358 So.2d 1101 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978). This is the test at the trial level as well as the standard of review at the appellate level. Reams v. Vaughn. Directed verdicts should be granted cautiously and only where the court concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to a judgment as a matter of law. Petroleum Carrier Corp. v. Gates, 330 So.2d 751 (Fla. 1st DCA 1976); Kilburn v. Davenport, 286 So.2d at 243; Cunningham v. Romano, 278 So.2d 631 (Fla. 3d DCA), cert. denied, 285 So.2d 19 (Fla. 1973).
Directed verdicts should not be entered if the evidence is conflicting and permits different, reasonable inferences. Riccio v. Allstate Insurance Co., 357 So.2d 420 (Fla. 3d DCA 1978). The jury is the sole trier of the facts and may draw any reasonable inference from the evidence submitted. Forshee v. Peninsular Life Insurance Co., 370 So.2d 842 (Fla. 3d DCA 1979).
We have carefully considered the record, briefs and arguments of counsel and have concluded that the trial court properly submitted the issues in this cause to the jury. However, as we cannot say that a jury of reasonable men and women could not have returned the verdict they did sub judice, the trial court erred in directing a verdict for the defendant.
Turning our attention to the granting of a new trial, the standard for appellate review is whether the trial court abused its broad discretion. Ford Motor Co. v. Kikis; Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Roberto v. Allstate Insurance Co., 457 So.2d 1148 (Fla. 3d DCA 1984). Before we apply the standard, however, it must be determined whether the granting of the new trial was properly based on one or more of the grounds set forth in Baptist Memorial Hospital, Inc. v. Bell. Mere conclusions to the effect that (1) the verdict is against the manifest weight of the evidence or that (2) the jury was influenced by considerations *1127 outside the record, without pointing to record support, are not amenable to judicial review. Travelers Indemnity Co. v. Hicks, 363 So.2d 628 (Fla. 3d DCA 1978).
The order under review articulated that the verdict was against the manifest weight of the evidence and was a result of a misconception of the legal effect of the evidence by the jury. The order recited the court's finding that the jury was influenced by passion, sympathy and collateral and irrelevant issues improperly argued to the jury and for which no competent evidence was presented. The court, in its order, expressed that the trial originated upon a clear issue of whether the doctor had severed Ms. Ligman's levator tendon during the operation and whether the doctor had fallen below the standard of care. The order further stated that the injection into the trial of allegations and argument that the doctor had improperly used or administered or failed to test Ms. Ligman in regard to the use of the drug susphrine clouded the issues and misled the jury. The order additionally referred to specific matters which the court felt were irrelevant and had influenced the jury.
We conclude that the order met the requirements for granting a new trial, as set forth above, and that the trial judge did not act as a "seventh juror with veto power." Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978). The judicial action taken in this case was not arbitrary, fanciful, or unreasonable, which is to say that the trial judge did not abuse his discretion. Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla. 1978). Appellate courts will not reverse an order granting a new trial absent a showing of a clear abuse of discretion. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
Accordingly, the order directing a verdict for the defendant is reversed and the alternative order granting a new trial is affirmed. The cause is remanded to the circuit court for a new trial.
Affirmed in part, reversed in part, and remanded.