GRIMES, Acting Chief Judge.
Seaboard appeals from a $775,000 judgment entered against it in a wrongful death action.[1] The decedent was killed in a railroad crossing accident.
Seaboard does not contend that there was no evidence upon which the jury could have found it negligent. Rather, it argues that the trial judge abused his discretion in refusing to order a new trial because the verdict was “against the manifest weight of the evidence and reflects that it was given under the influence of sympathy, passion, prejudice, mistake or other unlawful cause.” As grounds Seaboard argues that (1) the undisputed evidence shows that the decedent was, at least to some extent, contributorily negligent, and (2) the award of $25,000 to the personal representative, which was more than ten times greater than the maximum amount of estate damages submitted by the plaintiffs expert witness, demonstrates that the verdict was the product of a runaway jury. There is no assertion that the $750,000 verdict for the widow was excessive.
The standard for review of the denial of a motion for new trial is whether or not the trial judge abused his discretion. Jones v. Airport Rent-A-Car, Inc., 342 So.2d 104 (Fla. 3d DCA 1977). On this record, we cannot say that he did. While the evidence strongly suggests some lack of care on the part of the decedent, the jury could have concluded that any negligence on his part was not a proximate contributing cause of the accident. See Mosca v. Middleton, 342 So.2d 986 (Fla. 3d DCA), cert. denied, 354 So.2d 983 (Fla.1977). The fact that the jury may have awarded an excessive verdict to the personal representative does not require the conclusion that it erred in passing upon the issue of contributory negligence.[2]
*918 Since we also reject Seaboard’s remaining point on appeal, the judgment is affirmed.
SCHEB and OTT, JJ., concur.

. The jury awarded the decedent’s widow $750,-000 and his personal representative $25,000.

. In its brief, Seaboard states, "Again, we do not urge reversal for excessiveness of the verdict but simply assert that this award to the estate, which clearly is not supported by plaintiffs own *918 evidence, is another example which shows that this verdict is in direct contravention of the manifest weight of the evidence.” Consequently, we do not specifically pass on whether or not the verdict for the personal representative was excessive.