JOANOS, Judge.
This is an appeal from an award of damages to appellee Regency Contractors, Inc., on its counterclaim in a breach of a construction contract suit. E.H. Pullum, plaintiff in the trial court, appeals from the denial of his motion for new trial and the entry of judgment notwithstanding the verdict on behalf of Regency, defendant and counter-claimant in the trial court. Pullum contends the trial court erred in denying his motion for new trial, and in granting Regency’s motion for judgment notwithstanding the verdict in lieu of the amount of damages awarded by the jury. We reverse.
Pullum entered into a construction contract with Regency in which Regency agreed to construct a house on Pullum’s land for a total price of $26,900.00. Pullum made a $2,690.00 down payment at the time of execution of the agreement (10% of the contract price), and the outstanding balance was to be paid through a series of draws due upon completion of various stages of the construction. The first draw, in the amount of $4,035.00, was due upon completion of the foundation.
During construction of the foundation, Pullum expressed concern with the manner in which the work was being performed. According to Pullum, the work was not being performed in a workmanlike manner and was not in accordance with the Santa Rosa County building code. Pullum, in a registered letter to Regency, requested an on-site conference and stated that he would not approve the first draw until the defects were corrected. Mr. McCranie, the president and owner of Regency, took the position that the foundation was laid in accordance with the Southern Building Code, and the defects complained of were a part of phase two of the construction and therefore had no bearing on appellee’s entitlement to the first draw.
Pullum filed his complaint alleging breach of contract and seeking damages, costs, and attorney’s fees. Regency answered and counterclaimed, alleging that Pullum breached the contract and sought damages, costs, and attorney’s fees.
The case was tried before a jury. On the issue of breach, Pullum testified that his registered letter notifying Regency of his dissatisfaction with the construction had been refused. The original letter, envelope, and return receipt form were placed in evidence. Grant McCranie, president of Regency, testified at trial that he did receive a registered letter from Pullum, although, previously, in his deposition, he had denied receipt of the registered letter. With regard to costs incurred in construction, McCranie stated that Regency’s total cost for building the house would have been $19,448.97. According to McCranie, Regency’s gross profit on the contract would have been $7,451.03, and Regency had incurred costs of $7,725.74 — which included the cost of trusses ($993.30) and bricks ($631.19), that had been taken to the work site and left. McCranie acknowledged that Pullum had advised him that Regency could pick up the trusses and bricks, but Regency had not done so.
The trial court instructed the jurors that if they found that Pullum had breached the contract and that Regency had suffered damages as a result of the breach, then the damages to be awarded “shall be equivalent to the sum of the Defendant’s lost profit attributable to the contract in question that is proved with reasonable certainty and the restitutionary value for the cost of all labor and materials incurred by the Defendant in its performance of the contract to date.” After considering the evidence the jury inquired whether they might stipulate that the brick and trusses left at the construction site could be used by Pul-lum. The trial court declined to answer the question. The jury returned a verdict in favor of Regency and awarded damages in the amount of $5,000.00.
Pullum filed a motion for new trial, and Regency filed motions for judgment notwithstanding the verdict and for an order awarding attorney’s fees, costs, and interest. In the final judgment the trial court denied the motion for new trial and granted *826 Regency’s motions, awarding damages in the amount of $12,486.77, costs in the amount of $343.75, and attorney’s fees in the amount of $3,144.75, with interest at the rate of 12% dating from entry of the final judgment.
A trial court enjoys a broad discretion in considering whether to grant a motion for new trial, and that discretion will not be disturbed on appeal absent a showing of abuse of that discretion. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981); Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3rd DCA 1985). If the trial court concludes that a verdict is against the manifest weight of the evidence or was influenced by consideration of matters outside the record, a new trial should be granted. Wackenhut Corporation v. Canty, 359 So.2d 430, 435 (Fla.1978). By the same token, if “an appellate court so regards a verdict the judgment entered thereon may be reversed and a new trial granted, on the ground that failure of the trial court to grant a new trial was an abuse of discretion.” Diaz v. Certified Marine Industries, Inc., 346 So.2d 1211 (Fla. 3rd DCA 1977). Accord: Kinsey v. Kelly, 312 So.2d 461 (Fla. 1st DCA 1975).
In contrast with the broad discretion to grant or deny a new trial, the trial court has a limited discretion to enter a directed verdict after the jury returns a verdict. A motion for directed verdict should be granted only in those circumstances when the evidence, “taken in a light most favorable to the opposing party, demonstrates a jury could not reasonably differ on the existence of a material fact and the moving party is entitled to a judgment as a matter of law.” Florida First National Bank of Jacksonville v. Dent, supra; Ligman v. Tardiff, supra; Reams v. Vaughn, 435 So.2d 879, 880 (Fla. 5th DCA 1983).
In the case under review, the trial court in effect set aside the $5,000 awarded to Regency as damages, and directed a verdict for Regency in the full amount claimed for lost profit and costs incurred. Implicit in the trial court’s award is a finding that the jury’s verdict was either (1) against the manifest weight of the evidence, Wackenhut Corp. v. Canty, supra; or (2) the evidence was not conflicting and did not permit of different, reasonable inferences. Ligman v. Tardiff, supra. If the trial court predicated the directed verdict for Regency on the theory that the jury’s verdict was against the manifest weight of the evidence, i.e., that McCranie’s testimony regarding total costs, anticipated profit, and expenses incurred, was conclusive on the question of the amount of damages due, then the proper remedy would have been to order a new trial on the issue of damages. In Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 627 (Fla.1977), the court said:
Although the verdict may be for considerably more or less than in the judgment of the court it ought to have been, still the court should decline to interfere, unless the amount is so great or small as to indicate that the jury must have found it while under the influence of passion, prejudice, or gross mistake.
Accord: Little River Bank and Trust Company v. Magoffin, 100 So.2d 626 (Fla.1958). Lassitter, unlike the instant case, concerned a personal injury award, yet we deem the principle stated in Lassitter to be applicable here. See also: Carter v. Duval Engineering and Contracting Company, 128 So.2d 143, 146 (Fla. 1st DCA 1961), where this court said: “We hold, ... that the trial court does not have the power to set aside the verdict of a jury simply because in its opinion the verdict cannot be reconciled with some other verdict.”
A review of the record in this case demonstrates that the only evidence offered in support of Regency’s claim for anticipated profit and costs incurred was (1) the testimony of McCranie, president and owner of Regency, and (2) a list of estimated costs assembled by McCranie one month before trial, based on his recollection of similar costs of materials at the *827 time the house was under construction. In addition, although McCranie testified that he had received a registered letter from appellant, the jury heard testimony from appellant that the registered letter he sent to Regency had been refused. Pullum’s testimony on this point was supported by the original letter which had been returned to him.
The manner of proof adduced by Regency to support its claim for lost profits was clearly appropriate to the issue. In dealing with breach in construction contracts, Florida courts have applied the standard of proof for anticipated profits set forth in Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890), where the court said:
the measure of damages is the difference between what it would have cost to perform the contract, and the contract price, had it been entirely executed. In estimating the cost of performance, the price of materials, labor, etc., at the time of the breach will govern, without regard to subsequent fluctuations. The elements of cost should be ascertained from reliable sources, from practical men having experience in matters of the same kind, and not from loose and speculative opinions.
Thus, the testimony of McCranie was competent evidence for a determination of lost profit, yet that testimony was also subject to the jury’s determination of McCranie’s credibility — and “[t]he rule is well established that the matter of the credibility of witnesses is peculiarly one for jury determination.” Chomont v. Ward, 103 So.2d 635, 637 (Fla.1958).
Considering the evidence herein in a light most favorable to Pullum, the non-moving party, we cannot say “that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant [Regency] is entitled to a judgment as a matter of law.” Ligman v. Tardiff, at 1126, and cases cited therein. Since this record will support a conclusion that the jury’s verdict was correct the entry of a directed verdict was error.
Here, the trial court seemingly concluded that the jury had found for Regency on the issue of breach, but considered that the jury failed to provide the proper measure of damages. We agree with Pullum that due to the manner in which the verdict was rendered, it cannot be determined whether the jury accepted in toto McCranie’s testimony on costs and anticipated profit. In those instances when the jury’s intent cannot be ascertained, or where it appears to the court that the jury’s verdict rests upon a misconception of the law, then “justice would best be served by returning the [cause] to the lower Court for reconsideration by another jury.” Atlantic Coast Line Railroad Company v. Turpak, 225 So.2d 340 (Fla. 2d DCA 1969). See also: Tech Corporation v. Permutit Company, 321 So.2d 562 (Fla. 4th DCA 1975).
The final judgment directing a verdict in favor of Regency is reversed and remanded with directions to follow the principles set out and reinstate the jury’s verdict or to order a new trial on the issue of damages.
ERVIN and SHIVERS, JJ., concur.