509 So.2d 1277 (1987)
SCANDINAVIAN WORLD CRUISES (BAHAMAS), LIMITED, Appellant,
v.
Sharon CRONIN, Appellee.
No. 85-2870.
District Court of Appeal of Florida, Third District.
July 14, 1987.
*1278 Mitchell, Harris, Horr & Associates, and Debra A. Jenks, Miami, for appellant.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
HENDRY, Judge.
Scandinavian World Cruises (Scandinavian) appeals a final judgment and an order denying its motion for a new trial, motion for remittitur, and motion for judgment notwithstanding the verdict. For reasons more fully developed below, we affirm.
Briefly stated, the facts are as follows. Plaintiff Sharon Cronin instituted this action in March of 1984 for personal injuries she allegedly sustained while a passenger *1279 on defendant's ship. Plaintiff, while on vacation in Florida, took a one-day cruise aboard defendant's ship with her three year old daughter.
Plaintiff and her daughter boarded the ship between 7:00 and 8:00 A.M. on August 22, 1983. Approximately fifteen hours later, plaintiff slipped and fell, injuring her left shoulder,[1] while carrying her daughter down the stairs between the upper pool level and the locker room.
After her fall, plaintiff looked back at the middle section of the stairs and saw water that she alleged "had been allowed to accumulate in the worn stairs and that she was unable to see because of the inadequate lighting in the area." Plaintiff spent an additional three days in Fort Lauderdale because of the pain, discomfort and disability she was suffering, and then drove to her home in Ohio.
Based upon the testimony and other evidence presented at trial, the jury found that the total amount of damages sustained by plaintiff and caused by the fall to be $190,712.50. The jury found no comparative negligence on the part of the plaintiff.
During post trial proceedings, Scandinavian contended that the jury's verdict on damages was excessive and required either remittitur or a new trial. After considering the matter on written memoranda, as well as hearing oral argument, the trial court found that the jury's verdict was supported by the evidence, was not excessive as a matter of law, and was not subject to being disturbed by the court.
On appeal, Scandinavian argues inter alia that the trial court abused its discretion in denying its motion for a new trial since the verdict finding no comparative negligence on the part of the plaintiff went against the manifest weight of the evidence which demonstrated plaintiff's knowledge of the dangerous condition. Scandinavian further argues that the trial court erred in failing to order a new trial or remittitur in that the amount of damages awarded was "clearly the result of undue sympathy or consideration of matters not substantiated by the evidence."
Scandinavian's burden on appeal is to affirmatively demonstrate from the record that the trial court's order denying its post-trial motion represents a gross abuse of discretion. Seaboard System R.R., Inc. v. Peeples, 475 So.2d 916 (Fla. 2d DCA 1985); Jones v. Airport Rent-A-Car, Inc., 342 So.2d 104 (Fla. 3d DCA 1977).
The discretionary power to grant or deny a motion for a new trial is given to the trial judge because of his direct and superior vantage point. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980).
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. Id. at 146. If reasonable men could disagree as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. Florida First Nat. Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed, 411 So.2d 381 (Fla. 1981); Salkay v. State Farm Mut. Auto. Ins. Co., 398 So.2d 916 (Fla. 3d DCA 1981); Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3d DCA 1980).
After a careful review of the record and evidence, we conclude that the trial court did not abuse its discretion.
With regard to Scandinavian's contention that the plaintiff was comparatively negligent, the jury's finding in this case that plaintiff exercised reasonable *1280 care for her own safety at the time she slipped and fell is amply supported by the record. The question of plaintiff's alleged comparative negligence was properly submitted to the jury since the determination of the issue of comparative negligence is a jury question. Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986); Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980).
As to Scandinavian's next contention that the jury's verdict was excessive and required either a new trial or remittitur, the long established rule in Florida is that "a new trial should not be granted for excessive damages unless the amount is such as to shock the judicial conscience or to indicate that the jury has been influenced unduly by passion or prejudice." Warner v. Ware, 136 Fla. 466, 477, 182 So. 605, 610 (1938). Subject to the above rule the amount of damages rests solely within the jury's discretion. Potashnick-Badgett Dredging Inc. v. Whitfield, 269 So.2d 36 (Fla. 4th DCA 1972); S.A. Freel Distributing Co. v. Lenox, 147 Fla. 550, 3 So.2d 157 (1941).
In the instant case, the jury was instructed in accordance with the applicable Florida Standard Jury Instructions that, if it found in favor of the plaintiff, it should consider the following elements of damages:
[A]ny bodily injury sustained by Sharon Cronin, and any resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in light of the evidence.
The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff in the past or to be so obtained in the future.
Any loss of ability to earn money in the future.
If the greater weight of the evidence shows that plaintiff, Sharon Cronin, has been permanently injured, you may consider her life expectancy... .
Any amounts which you allow in damages for future medical expenses or loss of ability to earn money in the future should be reduced to their present money value and only a present money value of such amount should be included in your verdict... .
The jury was further instructed:
Your verdict must be based on the evidence that has been received and on the law on which I have instructed you. In reaching your verdict you are not to be swayed from the performance of your duty by prejudice, sympathy, or any other sentiment for or against any party... .
Having heard the testimony, and having observed plaintiff and her other witnesses at trial, the jury clearly had before it sufficient competent evidence to support the amount of damages it awarded. Bell Bakeries v. Giles, 145 Fla. 148, 198 So. 793 (1940). The amount of damages to be awarded is a matter within sound discretion of the jury under proper instruction by the court. Richards Co. v. Harrison, 262 So.2d 258 (Fla. 1st DCA 1972).
We have carefully considered Scandinavian's contentions in light of the record, briefs and argument of counsel, and have concluded that no reversible error has been demonstrated. See Kent Ins. Co. v. Hill, 442 So.2d 288 (Fla. 3d DCA 1983); Dent, 404 So.2d at 1123; Thompson v. Jacobs, 314 So.2d 797 (Fla. 1st DCA 1975).
Affirmed.
NOTES
[1] Plaintiff's orthopedic surgeon, Dr. Martin McTighe, testified that within a reasonable degree of medical probability plaintiff had sustained, as a result of the 1983 incident, a permanent physical impairment of the body as a whole of 10%. Dr. McTighe further indicated that this permanent physical impairment would result in "reduced capacity, reduced strength, reduced endurance, and that her functional capacity was going to be reduced."