SMITH, Chief Judge.
Appellant, Mein, Joest & Hayes, M.D., P.A., seeks review of the trial court’s order granting appellees, Lydia C. Weiss and Ste *300 ven R. Weiss, her husband, a new trial. We affirm.
Appellees filed this lawsuit for damages against appellant, alleging that Dr. Mein delivered their baby by the negligent use and application of forceps, and that as a direct and proximate result of Dr. Mein’s negligence, Lydia Weiss suffered a severe urethrovaginal laceration, ultimately requiring the implantation of an artificial sphincter. Appellant denied the allegations of negligence, and the case proceeded to jury trial.
During closing argument, counsel for appellant remarked on two occasions that had the obstetrician not intervened with the forcep’s rotation and the baby had suffered brain damage, appellees would be in court with a healthy mother and a brain damaged baby. The trial court gave a curative instruction on each occasion, advising the jury that there was no evidence of the baby ever being in danger of suffering brain damage had the forcep’s rotation not been performed. Appellees’ motion for a mistrial was denied.
The jury returned a verdict in favor of appellant-defendant. Thereafter, appel-lees’ motion for a new trial was granted. In its order, the trial court found that the record may have contained evidence suggesting that the forceps rotation occurred at the proper time to avoid possible damage to the mother or child but that there was absolutely no evidence suggesting that another lawsuit would have been filed in any event. The trial court also found that defense counsel’s arguments were far removed from the main issues at trial which were whether the Kielland forceps had been improperly applied and, if so, whether the improper application caused the damage to the mother.
Absent an abuse of discretion, a trial court’s order granting a new trial will not be disturbed on appeal. Pullum v. Regency Contractors, Inc., 473 So.2d 824 (Fla. 1st DCA 1985). If the trial court determines that the jury has been influenced by matters outside the record, it should grant a new trial. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Pullum v. Regency Contractors, Inc., supra; Miller v. Dade County, 382 So.2d 851 (Fla. 3rd DCA 1980); Nazareth v. Sapp, 459 So.2d 1088 (Fla. 5th DCA 1984); Ridarsick v. Amirkanian, 147 So.2d 580 (Fla. 3rd DCA 1962). In the present case, from a review of the record, we find no evidence supporting defense counsel’s “brain damaged baby” and “litigious plaintiffs” arguments. There is no suggestion that the baby would have been brain damaged had Dr. Mein not applied the Kielland forceps. Even defense counsel’s own expert witness testified that from a review of the medical records, the mother and baby were not in any danger at the time of the delivery and that it was a judgment call as to when to use these forceps to prevent possible damage. Implicit in the trial court's decision is the conclusion that these two arguments improperly influenced the jury. From a review of the record, we cannot say that the trial court abused its discretion in reaching this conclusion. We therefore AFFIRM.
WENTWORTH and JOANOS, JJ., concur.