FENNELLY, JOHN E., Associate Judge.
Appellants, plaintiffs below, appeal an adverse jury verdict in favor of the appel-lee and others. Although there were other defendants in the trial court, appeals were either not prosecuted against them or in the case of one defendant, an appeal was dismissed as untimely filed. The appellants contend that: 1. the trial court erred in refusing to reinstruct the jury on the doctrine of res ipsa loquitur, and 2. the verdict is contrary to the manifest weight of the evidence.
The appellants’ claim arose out of a collision between their vehicle and a downed power line hanging over the highway. The trial court, in accordance with the Florida Standard Jury Instructions, defined negligence for the jurors. The court also delivered the standard instruction on res ipsa loquitur. Shortly after retirement, the jury requested a reinstruction on the definition of negligence. After hearing argument of counsel, the court gave the jury the definition of negligence including a special instruction concerning negligence of electrical utilities. The trial court, over appellant’s objection, did not reinstruct the jury on res ipsa loquitur.
Florida law has long recognized that the trial court need only respond to specific requests for reinstruction and need not repeat the entire charge. See generally, Hedges v. State, 172 So.2d 824 (Fla.1965). A trial court is granted substantial latitude on this matter. So long as the repeated instructions are complete on the issue in question, the scope of reinstruction is a matter of discretion for the trial court. Griffin v. State, 414 So.2d 1025 (Fla.1982). Because the jury’s request for reinstruction was limited to a definition of negligence, and this request came almost immediately after the jury retired, we find no abuse of discretion by the trial court in limiting its reinstruction. Finding no abuse of discretion, we conclude no error has been demonstrated on this issue.
Appellant next argues that the verdict is contrary to the manifest weight of the evidence, and therefore a new trial is warranted. A motion for new trial is also a matter addressed to the sound discretion of the trial court. Kuebler, therefore, bears the burden of demonstrating an abuse of that discretion. Scandinavian World Cruises, Ltd. v. Cronin, 509 So.2d 1277 (Fla. 3d DCA 1987). This discretionary power arises necessarily from the superior vantage point of the trial court. If reasonable people could differ concerning the propriety of that decision, no abuse of discretion is demonstrated. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980). After a careful review of the record and evidence, we conclude that the evidence was in dispute as to the cause of the fallen power line, and the appellant has failed to demonstrate an abuse of discretion in the trial court's denial of a new trial.
Based on the foregoing, the judgment and verdict are affirmed.
ANSTEAD and STONE, JJ., concur.