632 So.2d 79 (1993)
Helen Marie MILLER and Dale Wendell Miller, Appellants/Cross-Appellees,
v.
John H. AFFLECK, M.D., and Hodnette Medical Center Clinic D/B/a Medical Center Clinic, P.A., Appellees/Cross-Appellants.
No. 92-2766.
District Court of Appeal of Florida, First District.
November 30, 1993.
Opinion Denying Rehearing and Clarifying Decision January 20, 1994.
Kerrigan, Estees, Rankin & McLeod, P.A., Pensacola, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & *80 Perwin, P.A., Miami, for appellants/cross-appellees.
Richard B. Collins of Collins & Truett, Tallahassee, and Ralph O. Anderson of Hicks, Anderson & Blum, P.A., Miami, for appellee, John H. Affleck, M.D.
James M. Wilson of Wilson, Harrell & Smith, P.A., Pensacola, for appellees, Hodnette Medical Center and John Affleck, M.D.
WOLF, Judge.
Appellants, Helen Miller and Dale Miller, plaintiffs in the trial court, appeal from an order granting a new trial after the jury returned a verdict in favor of appellants in a medical malpractice action. Appellees, John H. Affleck, M.D., and Hodnette Medical Center d/b/a Medical Center Clinic, P.A., cross appeal alleging 1) that the trial court erred in not directing a verdict for the defendants, and 2) that the trial court abused its discretion in allowing the appellants to argue to the jury that Dr. Affleck could not support his position with medical treatises. As to the first issue on cross appeal, we find that there was sufficient evidence of negligence on the part of the defendants that the jury could reasonably return a verdict for the plaintiffs and, therefore, the trial court did not err in denying the defendants' motion for directed verdict. The second issue raised by the cross appellants was not properly preserved for appeal. We, therefore, affirm the cross appeal without further discussion. As to the direct appeal, we find that the trial court abused its discretion by granting appellee a new trial. We, therefore, reverse and remand for entry of a final judgement in favor of the appellants.
Appellants initiated a malpractice action arising from a simple mastectomy performed by appellee, Dr. Affleck, on appellant, Helen Miller. The appellants' theories of liability were (1) the simple mastectomy performed by Dr. Affleck was unnecessary, and (2) Mrs. Miller's consent to the mastectomy was not informed consent under Florida law because it was based on misrepresentations made by the doctor. Conflicting evidence was presented as to both issues during the jury trial. After trial, the jury returned a verdict in favor of Mrs. Miller in the amount of $1.7 million, and found for Mr. Miller in the amount $200,000.
The appellees moved for a new trial. The trial court granted the motion, stating that the verdict was contrary to the manifest weight of the evidence and citing to three errors during the trial which justified a new trial. The order never stated in what way the verdict was against the manifest weight of the evidence. Two of the three alleged erroneous decisions cited by the trial judge were never objected to by appellees.
The general standard of review of an order granting a new trial is whether the trial court has abused its discretion. Smith v. Brown, 525 So.2d 868 (Fla. 1988). If an abuse of discretion has occurred, however, the appellate court will reverse the order granting a new trial. Lee v. Southern Bell Tel. and Tel. Co., 561 So.2d 373 (Fla. 1st DCA 1990). For instance, where a new trial is granted because the verdict was against the manifest weight of the evidence, a trial court may not substitute its view of the evidence for that of the jury. Florida First Nat'l Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed, 411 So.2d 381 (Fla. 1981). A verdict can be found to be against the manifest weight of the evidence only when it is clear, obvious, and indisputable that the jury was wrong. Lee, supra at 580, citing Crown Cork & Seal Co., Inc. v. Vroom, 480 So.2d 108 (Fla. 1985). In addition, an order granting a new trial will not be given the same deference where the trial court fails to state the grounds for granting a new trial with specificity. Keene v. Chicago Bridge and Iron Co., 596 So.2d 700 (Fla. 1st DCA 1992). In the instant case, the trial court failed to state why he felt that the verdict was against the manifest weight of the evidence, nor does our independent review of the record reveal that a reasonable jury could not have returned a verdict for the plaintiffs based on the conflicting evidence which was presented. We, therefore, find that the order granting a new trial should not have been granted based on a lack of evidence to support the verdict. See Lee, supra at 373.
*81 The other reasons stated for granting a new trial are also insufficient. "(W)here the trial judge grants a new trial on the grounds of unpreserved error, he is not operating within the area of his discretion, and his ruling will be upheld only if the error is as a matter of law fundamental." Sears, Roebuck & Co. v. Jackson, 433 So.2d 1319, 1323 (Fla. 3d DCA 1983). Fundamental error is error which deprives a party of a fair trial  error which an objection and a curative instruction could not have prevented, and which "gravely impair a calm and dispassionate consideration of the evidence and the merits by the jury." Anderson v. Watson, 559 So.2d 654 (Fla. 2d DCA 1990). A review of the record fails to reveal that the second and third errors cited by the trial court, and which were unobjected to by the appellees, were so substantial as to constitute fundamental error.[1]
The remaining error cited by the trial court as grounds for a new trial related to a question asked by the appellants to Dr. Affleck concerning whether his income was in part dependent upon the number of surgeries which he performed. The doctor responded, "At any business, there's a relationship between the work you do and the amount of money you make ... My income was based on how busy I was as a plastic surgeon". The record reveals the trial court permitted no other evidence concerning this matter, and there was no argument on the subject in closing.[2] We find no error in the trial court's ruling in light of the fact that one of the allegations concerned the propriety of performing the surgery on Mrs. Miller and whether such course of treatment deviated from the normal standard of care. The doctor's thought process in making this decision is clearly relevant to this issue.
Even if such evidence was inadmissible, however, we fail to see how this one question and its response could have improperly influenced the jury.
Common sense would dictate that even without this question being asked, a juror would know that if a surgeon performs more operations, the doctor would make more money.
The decision of the trial court to grant a new trial is reversed.
BARFIELD and MICKLE, JJ., concur.
ON MOTIONS FOR REHEARING, CLARIFICATION, REHEARING EN BANC, AND CERTIFICATION OF CONFLICT
WOLF, Judge.
Appellee/cross appellant's motion for rehearing, rehearing en bane, and certification of conflict are denied. The motion for clarification is granted to the extent that we expressly allow the trial court on remand to address the question of remittitur, since the order granting a new trial, which had previously mooted the remittitur issue, has been reversed by this court.
BARFIELD and MICKLE, JJ., concur.
NOTES
[1] We determine that no valid purpose would be served by discussing the exact nature of the alleged errors and, therefore, decline to do so.
[2] Plaintiffs also attempted to introduce evidence concerning the financial position of the doctor at the time of the surgery. The trial judge ruled, however, that such evidence would be unduly prejudicial although he felt that evidence of the doctor's motivation was admissible.