LAWRENCE, Judge.
The trial court granted Martin L. Arnold (Arnold) a new trial in his tort action against the Florida Department of Health and Rehabilitative Services (HRS). HRS appeals; Arnold cross-appeals. We affirm on appeal, and reverse in part on the cross-appeal.
Arnold sustained serious injuries on April 18, 1989, while a patient in the -Florida State Hospital at Chattahoochee, when he was assailed by another patient (AP). Arnold and AP were confined on unit 26. AP, a twenty-two year inmate, had several times seriously assaulted other patients before assaulting Arnold.
Arnold’s complaint alleged, in paragraph 37, that: “On or about March 27,1989, Plaintiff Martin L. Arnold was negligently transferred from Unit One to Unit Twenty-six (26) by mental health personnel at Chattahoochee.” The trial court struck paragraph 37 of Arnold’s complaint, and prohibited evidence and argument relating to the paragraph. The court also prohibited argument to the jury regarding a policy manual introduced into evidence that contained admission criteria for, unit 26. Psychiatrist Blackman, an expert, opined that the admission criteria were violated in the placement of both Arnold and AP on unit 26. The jury found for HRS.

THE APPEAL

We find no abuse of discretion in the trial court’s award of a new trial. The Florida Supreme Court tells us that “when a new trial is ordered, the abuse of discretion test becomes applicable upon appellate review. The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of *98 discretion.” Smith v. Brown, 525 So.2d 868, 870 (Fla.1988). The court explains:
In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable [people] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
Id. at 869-70. The court granted Arnold’s motion for a new trial based on evidence that Arnold possessed a passive personality, that AP possessed an antisocial personality, and that to put the two types together was a breach of the standard of due care, and a breach of unit 26 policy. We find no abuse of discretion by the trial judge and thus affirm his decision to grant a new trial.
HRS nevertheless puts misplaced reliance on Department of Health & Rehabilitative Services v. B.J.M., 656 So.2d 906 (Fla.1995) (holding that certain HRS decisions are shielded from suit by the doctrine of sovereign immunity). B.J.M., a delinquent, sought by mandamus to compel HRS to place him in a specific sexual-offender program, in a particular county. B.J.M. is inapposite: no HRS policy existed determining the placement of B.J.M.; a hospital policy exists by contrast in the instant case determining the placement of patients on unit 26. The B.J.M. court recognized that funding decisions are shielded from liability by the sovereign immunity doctrine; Arnold by contrast is claiming, not that staffing is inadequate at the hospital, but rather that a placement policy in effect at the time of the assault on Arnold was ignored to his detriment.
HRS also argues that a new trial is an abuse of discretion because the trial judge’s evidentiary rulings were proper. The standard of review however is not whether evi-dentiary rulings, subject to the judge’s discretion, are proper, but rather whether reasonable persons could differ as to the granting of the new trial. HRS has failed to show that no reasonable person could grant a new trial.
HRS also argues that any new trial should be limited to only the issue of negligent placement. HRS however has shown no abuse of discretion in the trial judge’s grant of a “new trial on all issues.”

THE CROSS-APPEAL

Arnold raises several issues in his cross-appeal. We discuss only one for the guidance of the trial court in the event the issue arises on retrial.
Admissibility of rebuttal and argument regarding hospital’s response to Arnold’s motion to produce. Smitherman, a hospital employee, testified that one page of the seventy-page unit 26 policy manual, dealing with unit 26’s admission criteria, was not approved by the hospital administration. Smitherman’s testimony conflicted with the hospital’s response to Arnold’s motion to produce a “full and complete legible copy of policy and procedure” in effect on unit 26 at the time of the assault on Arnold; Arnold thus requested that Smitherman’s testimony be stricken and a curative instruction be given to the jury. The trial judge denied these requests. Arnold then requested that he be permitted to read to the jury his request to produce, and the hospital’s response — the seventy-page policy manual, including the disputed page. The trial judge refused to permit Arnold to rebut Smither-man’s testimony with the hospital’s response to Arnold’s request to produce, and refused to permit Arnold to argue to the jury the inconsistency of Smitherman’s trial testimony with the hospital’s response to the request to produce. We find that this was an abuse of discretion that prejudiced Arnold. See Forester v. Norman Roger Jewell & Brooks Int’l, Inc., 610 So.2d 1369 (Fla. 1st DCA 1992); see also Harris v. State, 446 So.2d 585 (Miss.1984) (holding that, where the state failed to produce in response to a defendant’s motion to produce, the admission of the evidence which was the subject of the motion to produce constituted reversible error). The denial of the opportunity to rebut and argue the inconsistency between trial testimony and HRS’ pretrial conduct stymied Arnold’s presentation of his case. See Harris, 446 So.2d at 589 (“Failure of the state to produce the weapon ... had the effect of stymieing *99 Harris’ ability to present his defense.”). Arnold on retrial should be permitted to present this credibility issue of his ease, provided that the circumstances are substantially the same as existed at the initial trial.
We accordingly affirm in part, reverse in part, and remand for a new trial.
MINER and BENTON, JJ., concur.