688 So.2d 438 (1997)
The Estate of A.P. STUCKEY, Sr., and Sarah Stuckey, Appellants,
v.
Rupert B. BROWN and Lettie Nell Brown, his wife, and V. Lee Potter, Appellees.
No. 96-150.
District Court of Appeal of Florida, First District.
February 28, 1997.
*439 James C. Rinaman, Jr. and Edward K. Cottrell of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for appellants.
Martin S. Page, Lake City, for appellees.
WOLF, Judge.
Appellants, The Estate of A.P. Stuckey, Sr., and Sarah Stuckey, plaintiffs in the trial court, appeal from a final order granting a new trial after a jury verdict in favor of appellants in an action for defamation, intentional interference with a business relationship, and intentional infliction of emotional distress. We determine that the jury award of damages was neither necessarily duplicative nor against the manifest weight of the evidence, and that the alleged jury misconduct which took place was not so substantial as to require the granting of a new trial. See Miller v. Affleck, 632 So.2d 79 (Fla. 1st DCA 1993). We, therefore, reverse.
The alleged tortious acts of the defendants/appellees arose out of a partnership between appellants and appellees for operation of a large thoroughbred horse farm in Suwannee County. The alleged misconduct occurred after the business relationship soured. After a trial was held, the jury returned a verdict in favor of the plaintiffs. The Browns filed a motion for new trial asserting, among other things, that the verdict was the product of jury bias, prejudice, sympathy or other matters outside the record, and further alleged that one of the jurors visited the horse farm during the trial, contrary to the court's instructions. The Browns also filed a motion for an order permitting jury interviews pursuant to rule 1.431(h), Florida Rules of Civil Procedure, asserting various grounds to indicate that the Browns were deprived of a fair and impartial trial due to jury misconduct. The trial court held a hearing on that motion, and eventually granted the Browns' motion for an order permitting jury interviews, finding that it appeared that one of the jurors may have lied when he told the court that he did not know the parties or their attorney, and that it appeared that the jurors discussed the case prior to the close of the evidence.
On December 11, 1995, following the interview of jurors in regard to the allegations of misconduct, and upon review of the evidence submitted in the case in light of the verdict rendered, the court entered its order concluding that "the verdict is the product of a jury which was either (a) deceived as to the force and credibility of the evidence, or (b) influenced by considerations outside the record; i.e., bias or prejudice; or (c) both." The court also stated that it was not convinced that the foreman committed perjury during voir dire, and that the alleged visit to the farm by the foreman "does not indicate that such an act, if true, was used to influence the other jurors." The judge did find, however, that the jury violated the court's order "that they were not to discuss the case among themselves during recesses and that they were not to form or express any opinion about the case until the case had been given over to them for their deliberations and verdict." Testimony from the jurors revealed that certain jurors had remarked on the credibility of witnesses immediately after they testified; however, there is no evidence that the jury discussed matters outside the record or that discussions concerning the ultimate verdict were held prior to the jury being excused to formally deliberate.
Our review of the record indicates that there was sufficient evidence from which a reasonable jury could have returned this verdict in favor of the plaintiffs. A full recitation of the evidence or the specific facts *440 would serve no purpose. We, therefore, find without further comment that it was inappropriate to grant a new trial on the basis that the verdict was against the manifest weight of the evidence. See Miller v. Affleck, supra.
Juror misconduct which evidences consideration of matters outside the record or bias on the part of the jury will provide a basis for the trial court to order a new trial. Pullum v. Regency Contractors, Inc., 473 So.2d 824 (Fla. 1st DCA 1985). In the instant case, however, the trial court made a factual finding that the alleged misconduct was not a basis for granting a new trial. The court stated during the hearing on the motion for new trial that the testimony of the jurors did not "raise the court's concern that there were any substantial violations of the court's instructions." The only misconduct found by the trial court concerned predeliberation discussion of the case; however, the evidence does not demonstrate extensive discussion or that the jury actually had begun to deliberate. There is no evidence that the few off-hand comments which were made materially affected the verdict. Counsel for appellees candidly admitted during oral argument on appeal that the few remarks which were found in the record would not constitute grounds for a new trial.
The decision of the trial court to grant a new trial is reversed, and the trial court is instructed to reinstate the jury verdict.
JOANOS and VAN NORTWICK, JJ., concur.