OPINION ON APPELLEES’ MOTION FOR REHEARING OR FOR CLARIFICATION AND APPELLEES’ MOTION FOR REHEARING EN BANC
WOLF, Judge.
Appellee’s motion for rehearing and motion for rehearing en banc are denied. The motion for clarification is granted to the extent that we clarify our reasoning for reversing the trial court’s order granting a new trial.
Appellees assert that this court has applied an incorrect standard in determining whether the trial court erred in granting a new trial which is in conflict with this court’s decision in Department of Health & Rehabilitative Servs. v. Arnold, 670 So.2d 96 (Fla. 1st DCA 1996). Appellee relies on language in Arnold which states,
We find no abuse of discretion in the trial court’s award of a new trial. The Florida Supreme Court tells us that when a new trial is ordered, the abuse of discretion test becomes applicable upon appellate review. *797 The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion. Smith v. Brown, 525 So.2d 868, 870 (Fla.1988).
Id. at 97-98 (internal quotations omitted). In Miller v. Affleck, 632 So.2d 79 (Fla. 1st DCA 1993), we recognized the natural tension which exists between applying the abuse of discretion standard and restricting the trial court from usurping a jury’s fact-finding responsibility by becoming a seventh juror with veto power. In Miller, we announced the correct test for reviewing a trial court’s order granting a new trial based on the verdict being against the manifest weight of the evidence:
The general standard of review of an order granting a new trial is whether the trial court has abused its discretion. Smith v. Brown, 525 So.2d 868 (Fla.1988). If an abuse of discretion has occurred, however, the appellate court will reverse the order granting a new trial. Lee v. Southern Bell Tel. and Tel. Co., 561 So.2d 373 (Fla. 1st DCA 1990). For instance, where a new trial is granted because the verdict was against the manifest weight of the evidence, a trial court may not substitute its view of the evidence for that of the jury. Florida First Nat’l Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed, 411 So.2d 381 (Fla.1981). A verdict can be found to be against the manifest weight of the evidence only when it is clear, obvious, and indisputable that the jury was wrong. Lee, supra at 380, citing Crown Cork & Seal Co., Inc. v. Vroom, 480 So.2d 108 (Fla. 2d DCA 1985).
Id. at 80.
To the extent that our prior decision in this case appeared to state that we would overturn a trial court’s decision to grant a new trial “if there was sufficient evidence from which a jury could have returned a verdict in favor of the plaintiffs,” we recede from that language. By citing Miller, we intended to show our application of the standard of review announced in Miller, which yields the same result. Therefore, we uphold our decision in the original opinion to reverse the trial court’s order granting a motion for new trial. In all other respects, the original opinion of this court is readopted.
JOANOS and VAN NORTWICK, JJ., concur.