WEBSTER, Judge.
Appellants seek review of that portion of a partial final judgment which awarded what might best be described as post-verdict prejudgment interest. We agree with their argument that the award of such interest was error and, accordingly, reverse.
On December 16, 1994, appellees were the beneficiaries of a jury verdict against appellants awarding damages for several claims predicated upon various tort theories. The trial court subsequently granted a motion for new trial. On appeal, this court reversed, and remanded with directions that the jury’s verdict be reinstated. Estate of Stuckey v. Brown, 688 So.2d 438 (Fla. 1st DCA), as clarified on motion for rehearing, 695 So.2d 796 (Fla. 1st DCA), review granted, 699 So.2d 689 (Fla.1997). Following remand, on July 25,1997, the trial court entered a partial final judgment consistent with the jury’s verdict. In addition to the amounts awarded by the jury as damages, the trial court awarded what it described as “post-verdict interest” at the statutory rate from the date of the verdict to the date of the judgment. The judgment further recites that all such sums are to bear post-judgment interest at the statutory rate until paid. This appeal follows.
We conclude that the issue raised by appellants is controlled by Florida Rule of Appellate Procedure 9.340(c), which reads:
(c) Entry of Money Judgment. If a judgment of reversal is entered that requires the entry of a money judgment on a verdict, the mandate shall be deemed to require such money judgment to be entered as of the date of the verdict.
In Green v. Rety, 616 So.2d 433 (Fla.1993), the court held that rule 9.340(c) requires that, upon reversal of a trial court order depriving a plaintiff of the full benefit of a jury verdict, the trial court enter judgment as of the date of the verdict. As Justice Grimes noted, “Florida Rule of Appellate Procedure 9.340(c) was obviously designed to permit the plaintiff to recover interest from the date of the verdict when an appellate court determines that a trial court order setting aside the verdict was incorrectly entered.” Id. at 435 (Grimes, J., concurring).
Clearly, what appellees are entitled to following the reversal of the trial court’s order granting a new trial is to be placed in the same position they would have been in had a judgment been entered pursuant to the jury’s verdict in December 1994. They are entitled to post-judgment interest at the statutory rate on the amounts awarded by the jury from the date of the verdict until the judgment is satisfied. They are not entitled to interest on interest, which is the effect of the judgment the trial court entered. Accordingly, we reverse and remand. On remand, the trial court shall vacate the partial final judgment and enter an amended partial final judgment awarding damages in the amounts reflected in the jury’s verdict, nunc pro tunc as of the date of that verdict (December 16, 1994), together with post-judgment interest at the statutory rate.
REVERSED and REMANDED, with directions.
MINER and KAHN, JJ., concur.