283 So.2d 392 (1973)
CRUTCHER RESOURCES CORPORATION, a Foreign Corporation, et al., Appellants,
v.
Evelyn P. RAYNER, Appellee.
Nos. 71-850 and 71-876.
District Court of Appeal of Florida, Second District.
September 28, 1973.
*393 John T. Allen, Jr., and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellants.
Muscarella, Perenich & Carroll, Clearwater, for appellee.

ON PETITION FOR REHEARING
PER CURIAM.
When the notice of appeal was originally filed in Case No. 71-850 from an order granting a new trial, this court should have relinquished its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial. Rule 1.530(f) RCP, 31 F.S.A. However, after the appeal had been taken and the lower court had lost jurisdiction over the cause, a second order was entered in which the grounds for granting the new trial were stated. Appellants appealed that order in Case No. 71-876.
In view of the long delay, we think the ends of justice would best be served by considering the grounds specified in the subsequent order, rather than relinquishing jurisdiction at this late date. For this reason the petition for rehearing is granted, and our prior opinion withdrawn.
Appellee Evelyn P. Rayner was awarded a verdict in the amount of $500 in a personal injury action arising out of an automobile accident. Her special damages totaled $374.85. In granting a new trial the lower court stated, in effect, that the verdict was grossly inadequate when the evidence adduced at the trial showed that appellee was still suffering unabated pain from her injuries; that she sustained a permanent injury, requiring surgery in the future; that her medical expenses and lost earnings amounted to $374.84; and that the verdict of the jury appeared to be a compromise verdict.
The trial court is not precluded from disturbing a verdict which is so grossly inadequate that it shocks the conscience of the court. Roberts v. Bushore, Fla. 1966, 182 So.2d 401. The test to be applied in determining the adequacy of the verdict is whether a jury of reasonable men could have returned that verdict. Griffis v. Hill, Fla. 1969, 230 So.2d 143. However, plaintiff is not relieved of proving damages nor is the jury precluded from inquiring into the reasonableness and necessity of the medical expenses. Grossman v. Short, Fla.App. 1970, 235 So.2d 11; Short v. Grossman, Fla. 1971, 245 So.2d 217.
In the case sub judice the verdict was larger than appellee's special damages. The jury could have disbelieved appellee's testimony regarding her pain and suffering, or attributed the pain to her congenital cervical rib. The medical testimony was in substantial conflict, and it cannot be said that the jurors as reasonable men could not have found the verdict they did. Clark v. Yellow Cab Company of Miami, Fla.App. 1967, 195 So.2d 39; cf. Anastasio v. Summersett, Fla.App. 1969, 217 So.2d 854.
We therefore reverse with directions to reinstate the verdict.
Reversed and remanded.
LILES, Acting C.J., and HOBSON and BOARDMAN, JJ., concur.