305 So.2d 280 (1974)
Margaret WEST and Julian West, Her Husband, Appellants,
v.
FOOD FAIR STORES, INC., and Hartford Accident and Indemnity Company, a Foreign Corporation, Appellees.
No. 74-181.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 22, 1975.
Brumer, Moss, Cohen & Rodgers and Burt E. Redlus, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl and Wayne T. Gill, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The plaintiffs appeal a final judgment entered in their favor pursuant to a jury verdict in a slip and fall case.
The plaintiff, Margaret West, slipped and fell in a Food Fair Store, thereby sustaining injuries to her back. Evidence adduced at the trial showed that she was caused to undergo two back operations, neither of which was successful, that she has a 40 per cent permanent disability and that she suffered from a congenital spine problem prior to the fall. The jury returned *281 a verdict of $25,000.00 for Margaret West, $10,000.00 for Julian West, and found Margaret to have been 50 per cent negligent. The verdict was reduced by that percentage and judgment was so entered.
On appeal, the plaintiffs contend that the court erred in failing to grant a new trial (1) because the verdict in favor of Margaret West was so grossly inadequate as to shock the conscience of the court, and (2) because the plaintiffs were prejudiced by the court's earlier denial of a motion to compel production of statements taken by the defendants.
The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. Griffis v. Hill, Fla. 1970, 230 So.2d 143; Crutcher Resources Corporation v. Rayner, Fla.App. 1973, 283 So.2d 392. Our review of the record and the evidence before the trial court indicates that the jury could have attributed Margaret West's pain and suffering to her congenital condition, and it cannot be said that the jurors as reasonable men could not have reached the verdict they did. Crutcher Resources Corporation v. Rayner, supra. We are, therefore, unable to find the verdict of the jury clearly and grossly inadequate.
As to the plaintiffs' second point on appeal, the court denied the plaintiffs' pretrial motion to produce statements taken by defendants from Food Fair employees. However, the plaintiffs did take the depositions of two of them, and at trial, the jury found Food Fair liable and rendered verdicts in favor of the plaintiffs despite the trial testimony of these employees. The plaintiffs contend that since the depositions were not taken until three years after the accident, the statements would aid the witnesses' recollections as to matters unable to be recalled. The defendants argue that the statements themselves were not taken until one or two years after the accident, and therefore, they would not be of great value in this capacity anyway. We further note that the testimony of the plaintiff herself, Margaret West, showed that she demonstrated conduct which the jury could find to be negligent, i.e., she was carrying a young child, a package and a wallet while reaching for an item on a shelf.
Assuming arguendo there is error, failure to show prejudice or harm renders it harmless error pursuant to § 59.041, Fla. Stat. See Dierickx v. Wisehart, Fla.App. 1967, 195 So.2d 614.
Therefore, we conclude that no reversible error has been demonstrated and this cause hereby is affirmed.
Affirmed.