HENDRY, Judge.
Appellant, plaintiff in the trial court, brings this appeal from a final judgment entered in her favor by the trial court pursuant to a jury verdict in an action for damages.
On September 16, 1972, appellant was riding as a passenger in an automobile being driven by her husband. The car in which appellant was riding was struck from the rear by a vehicle owned by the appellee Martin Olsen, operated by appellee Arthur Liestner, and insured by appellee Liberty Mutual Insurance Company, all defendants in the trial court. Appellant alleged in her complaint that, as a result of this collision, she received permanent bodily injuries, aggravation of a pre-existing medical condition, and that her capacity to earn was impaired. Although appellant in the complaint did not allege an amount as damages for medical expenses, her husband, co-plaintiff in the trial court, did allege, inter alia, such damages.[1] After trial and pursuant to a jury verdict, final judgment was entered for appellant in the amount of $5,626.58. From this judgment, appellant brings her appeal.
Appellant’s basic ground on appeal is that the trial court erred in entering said judgment based on the jury’s verdict. In support of this ground, appellant contends that the jury in returning its verdict for $5,626.58, when considered in light of the evidence presented acted in an unreasonable and unjust manner, since this amount was only equal to the medical expenses allegedly incurred by her as a result of the collision.
The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable persons could have returned the verdict. West v. Food Fair Stores, Fla.App. 1974, 305 So.2d 280; Cobb v. City of Miami, Fla.App. 1971, 254 So.2d 376. This test is simply stated but may be difficult to apply in a particular case.
In the instant appeal, the record shows that in 1964 appellant sustained injuries involving the same parts of her body as were alleged to have been injured in the 1972 accident. From 1964 to 1969 she was hospitalized eight times in six different hospitals for treatment of the injuries sustained in 1964. The record further shows that appellant, in the 1972 accident, sustained no visible injuries and her complaints of pain were subjective in nature. Evidence was presented to the trial court reasonably relating the 1972 injuries with the 1964 injuries.
 In the case sub judice, the question of appellant’s injuries and any damages therefrom was one properly for the jury to decide. Appellate courts should be ever alert against the temptation to substitute their “verdict” for that of the jury. On the other hand, we must not refuse to *210 act to relieve the injustice of either a grossly inadequate or excessive verdict.
Based on our review of the evidence in the record, all points in the briefs and arguments of counsel in the instant appeal, we cannot say that the verdict rendered could not have been returned by a jury of reasonable persons. One quite reasonable hypothesis is that the jury could have found that the medical expenses or any pain or suffering of appellant were not wholly attributable to the 1972 accident.
Therefore, the judgment appealed is affirmed.
Affirmed.

. In an order dated February 19, 1975, pursuant to a motion to strike by appellees, this Court ordered the name of Kenneth Erickson, husband of appellant and co-plaintiff in the trial court, to be stricken from the assignments of error on appeal.