359 So.2d 7 (1978)
Royal Odell WHITE, Jr., et al., Appellants,
v.
Oswaldo Tomas MARTINEZ et al., Appellees.
No. 77-79.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Rehearing Denied June 2, 1978.
*8 Goodwin, Ryskamp, Welcher & Carrier, Miami, for appellants.
Alldredge & Gray, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellants, defendants below, bring this appeal from an order entered by the trial court granting appellees', plaintiffs below, motion for a new trial for damages. The sole point on appeal is whether the trial judge abused his judicial discretion in entering the order granting a new trial. In our opinion, the trial judge did abuse his discretion in granting the motion for a new trial; therefore, the order appealed is reversed and the cause is remanded with directions to reinstate the jury verdict and to enter a judgment based on the verdict.
After a jury trial in this personal injury case, the trial judge entered an order granting appellees' motion for a new trial on the issue of damages. The order reads, in pertinent part, as follows:
"The court, as a result of its close observation of the behavior and demeanor of the witnesses who testified in this cause, including the plaintiffs, Oswaldo Tomas Martinez and Nereida Martinez, his wife, and the testimony elicited from the medical witnesses, and because of its direct contact with the actual trial and its feelings as to the evidence and issues presented, and based on its knowledge and experience, is of the opinion that the verdict of $1,392.00 awarded to the plaintiffs in this cause was against the manifest weight of the evidence and was so inadequate under the facts presented in this particular case as to shock the judicial conscience of the court, and the damages were grossly inadequate and were obviously induced by some prejudice or passion or some misconception of the law or evidence."
We note that the sum of appellees' actual out-of-pocket medical expenses was $1,122; consequently, the jury verdict for damages in the amount of $1,392 was only $270 more than appellees' actual medical expenses.
In considering the principles applicable to a trial judge's consideration of a motion for a new trial, we know from the leading case of Cloud v. Fallis, 110 So.2d 669 (Fla. 1959) [hereinafter cited as Cloud], that:
"When a motion for a new trial is made, it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, ..." Id. at 673.
The Court further stated that it is the duty of a trial judge to grant a new trial when he "concludes that the verdict is against the manifest weight of the evidence," or if he determines that the jury has been influenced by extra-record considerations or misled by the force and credibility of the evidence. Id. at 673. However, this "broad discretion" does not give a trial judge unbridled discretion to order a new trial. Consequently, to facilitate intelligent review of such orders so that appellate courts can ascertain whether a trial judge has abused his discretion, the reasons which produced the need for a new trial must be set forth in the order. Stewart Bonded Warehouse, Inc. v. Bevis, 294 So.2d 315, 317 (Fla. 1974). This requirement gives rise to *9 the question of what reasons must be contained in an order for a new trial to enable it to withstand appellate review. Beginning with Cloud and extending to the recent case of Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978) [hereinafter cited as Wackenhut], a consistent standard has emerged. In discussing this standard, the Court in Wackenhut at 8 stated as follows:
"Although an order for new trial need not incant language to the effect that the verdict is [1] against the manifest weight of the evidence or [2] was influenced by considerations outside the record, the order must give reasons which will support one of these two conclusions so that it will be susceptible of appellate review. See Thompson v. Williams, 253 So.2d 897 (Fla.3d DCA 1971). Orders granting motions for new trials should articulate reasons for so doing so that appellate courts may be able to fulfill their duty of review by determining whether judicial discretion has been abused." [Emphasis added.]
Applying these principles to the instant case, we note that the order appealed sets forth both of the conclusions mentioned in the above quoted passage from Wackenhut. However, the order neither points to the record for support of the conclusion that the verdict was against the manifest weight of the evidence nor does it set forth any finding reasonably amenable to judicial review to support the conclusion that the jury was influenced by considerations outside the record. By not containing any finding in support of this latter conclusion, we have no basis upon which to review the order. With regard to the former conclusion, even though the order contains no direction to the record, we can at least make an independent review of the record in search of support for that conclusion.
In making this independent review of the record, we are aware of the fact that our courts have previously considered the problem presented when a jury verdict is the same as or slightly higher than the amount of a plaintiff's special damages. For example, the court stated in Crutcher Resources Corporation v. Rayner, 283 So.2d 392, 393 (Fla.2d DCA 1973), as follows:
"The trial court is not precluded from disturbing a verdict which is so grossly inadequate that it shocks the conscience of the court. Roberts v. Bushore, Fla. 1966, 182 So.2d 401. The test to be applied in determining the adequacy of the verdict is whether a jury of reasonable men could have returned that verdict. Griffis v. Hill, Fla. 1969, 230 So.2d 143. However, plaintiff is not relieved of proving damages nor is the jury precluded from inquiring into the reasonableness and necessity of the medical expenses. Grossman v. Short, Fla.App. 1970, 235 So.2d 11; Short v. Grossman, Fla. 1971, 245 So.2d 217.
"In the case sub judice the verdict was larger than appellee's special damages. The jury could have disbelieved appellee's testimony regarding her pain and suffering, or attributed the pain to her congenital cervical rib. The medical testimony was in substantial conflict, and it cannot be said that the jurors as reasonable men could not have found the verdict they did. Clark v. Yellow Cab Company of Miami, Fla.App. 1967, 195 So.2d 39; cf. Anastasio v. Summersett, Fla.App. 1969, 217 So.2d 854."
Further, the Supreme Court of Florida in City of Miami v. Smith, 165 So.2d 748, 750 (Fla. 1964) said:
"... The District Court concluded it was not reasonable to assume that a verdict for the exact amount of the medical bills `included a consideration of the evidence of pain and suffering.' We disagree and express it as our view that, absent a showing of vitiating circumstance such as were enumerated in the Radiant Oil case, [Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376], supra, we must assume that the jury considered all elements of damage. In the instant case the jurors may well have concluded that although there was in fact no compensable pain and suffering, the petitioner, nevertheless, had incurred medical expense *10 and was to that extent entitled to recover."
In the light of these cases and the other controlling principles of law, our review of the record in the instant appeal leads us to the conclusion that, even with all deference paid to the broad judicial discretion possessed by a trial judge in ruling on a motion for a new trial, the jury verdict was not against the manifest weight of the evidence. From the conflicting evidence presented to it, a jury of reasonable persons could have returned the verdict which it did in this case. Also, because the order appealed failed to contain any finding in support of the conclusion that the jury was influenced by any consideration outside of the record, we are of the opinion that the mere statement of such a conclusion fails to constitute an adequate basis upon which to grant a new trial.
Based upon these determinations, it follows that the trial judge abused his discretion in granting appellees' motion for a new trial on the issue of damages. Therefore, the order appealed granting a new trial is reversed and the cause is remanded with directions to reinstate the jury verdict and to enter a judgment based on the verdict.
Reversed and remanded with directions.