363 So.2d 628 (1978)
TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation, Eddie Brown and Kenneth Brown, Appellants,
v.
Alzenia HICKS and Robert Hicks, Her Husband, Appellees.
No. 77-1454.
District Court of Appeal of Florida, Third District.
October 31, 1978.
*629 High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellants.
Kuvin, Klingensmith & Lewis and R. Fred Lewis, Coconut Grove, Flinn & Jennings, Miami, for appellees.
Before PEARSON,[*] HENDRY and KEHOE, JJ.
PER CURIAM.
Appellant, defendant in the trial court and insurer of the tortfeasor, appeals from an order granting a new trial on the issue of damages in an automobile negligence case wherein the jury rendered a verdict in favor of appellees, plaintiffs in the trial court, for an amount less than the sum of the medical bills and lost wages.
In pertinent part, the order granting new trial provides as follows:
"THIS CAUSE having come on for hearing upon the Plaintiffs' Motion for New Trial and the Court, having heard argument of counsel and being otherwise fully advised in the premises, it is
"ORDERED, ADJUDGED AND DECREED:
"1. That the Plaintiffs' Motion for New Trial be and the same is hereby granted; the verdict as returned by the jury is hereby set aside; and a new trial is ordered on the issue of damages only based upon the following grounds:
"a. The verdict as returned by the jury is so inadequate that it shocks the judicial conscience of this Court, the jury verdict is grossly inadequate, the verdict is contrary and against the manifest weight of the evidence and the jury verdict demonstrates that the jury was influenced by considerations outside the record and a jury of reasonable men and women could not have returned such verdict."
The sole point on appeal for our consideration is whether the trial judge abused his discretion in entering an order granting a new trial. In light of the recent Florida Supreme Court case of Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978); and our decision in White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978), it is our opinion that the trial judge did, in fact, abuse his discretion.
In Wackenhut, supra, the Supreme Court opined that orders granting motions for new trial should articulate reasons for so doing so that appellate courts may exercise proper appellate review. Mere conclusions to the effect that (1) the verdict is against the manifest weight of the evidence or that (2) the jury was influenced by considerations outside the record, without pointing to record support, are not amenable to judicial review. White, supra.
Even setting aside the deficiency in the order, our review of the record convinces us that the verdict returned was not against the manifest weight of the evidence. The record is replete with both conflicts and contradictions in the testimony concerning both the degree and extensiveness of appellee's injuries, and the necessity and effectiveness of her medical treatment. With the disparities being what they are, we cannot say that a jury of reasonable men and women could not have returned, the verdict they did sub judice. See *630 Crutcher Resources Corporation v. Rayner, 283 So.2d 392 (Fla. 2d DCA 1973).
Accordingly, the order granting new trial is hereby reversed and the cause is remanded with directions to reinstate the jury verdict and enter judgment in accordance therewith.
Reversed and remanded with directions.
NOTES
[*] Judge Pearson participated in the decision in this case but did not hear oral argument.