BASKIN, Judge.
Seventy-three-year-old Marie Hurrell slipped and fell in an area between the *995 street and a sidewalk located in the City of Hialeah. She sustained injuries and sued the City for negligence. Following trial, the jury returned a verdict in the City’s favor. The trial court then entered an order granting a new trial on the ground that the jury “misconstrued, misinterpreted or misapplied the law” and returned a verdict “contrary to the law and contrary to the manifest weight of the evidence.” The order granting a new trial is the subject of this appeal. Finding support in the record for the trial court’s ruling, we affirm. City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977).
The trial court’s broad discretion should not be disturbed in the absence of a clear showing of abuse. Florida First National Bank v. Dent, 404 So.2d 1123 (Fla. 1st DCA), dismissed, 404 So.2d 1123 (Fla.1981). Appellant correctly argues that Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) requires the court to state with specificity its reasons for concluding that the verdict is against the manifest weight of the evidence. Travelers Indemnity Co. v. Hicks, 363 So.2d 628 (Fla. 3d DCA 1978). Although the order under consideration is deficient because it fails to include record references in support of its findings, reversal is not our sole recourse. Adopting the procedure utilized in Wackenhut v. Canty and Jarkesy, we have reviewed the record, White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978); Adams v. Wright, 403 So.2d 391 (Fla.1981), and find support for the trial court’s decision in the testimony presented at trial. Henry Etter, an expert witness, testified that the shoulder of the street in question was not maintained in good condition and posed a danger to pedestrians. Other testimony revealed that the City made no improvements to the street after 1965, although the defects had existed for several years. The jury failed to give appropriate weight to the evidence.
Having found support in the record for the trial court’s grant of a new trial, we affirm.