427 So.2d 1048 (1983)
SEABOARD COAST LINE RAILROAD COMPANY, Appellant,
v.
Salvatore BURDI and Gilda Burdi, His Wife, Appellees.
No. 82-566.
District Court of Appeal of Florida, Third District.
March 8, 1983.
*1049 Smathers & Thompson and Earl D. Waldin, Jr. and John H. Hickey, Miami, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Lawrence B. Rodgers, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The defendant below appeals from an order granting the plaintiffs a new trial on damages alone after the jury returned allegedly insufficient verdicts in their favor. Since we find no merit in either reason assigned by the trial court for the order, it is reversed.
In the accident in question, Burdi sustained a fractured leg, which left him with a permanent partial disability of 6-7% of the body as a whole. He had medical bills of $3,665 and lost wages of $5,500; there was also testimony that a future operation, which would relieve his disability, would be required. In addition, although Burdi was in fact occupying his former employment position at the time of trial, there was evidence that he will suffer a loss of earning capacity in the future and, of course, past and future pain and suffering and inability to lead a normal life. For these elements, the jury returned verdicts of $40,000 for Mr. Burdi and $2,500 for his wife's derivative claim. The lower court concluded that these amounts were "grossly inadequate and clearly against the manifest weight of the evidence." It is clear, however, that the verdicts fell well within the range of the sums at which the jury  whose function it was to do so  could reasonably have assessed the plaintiffs' damages. The trial judge's holding, therefore, represents a mere disagreement with the jury's determination and a consequently impermissible substitution of his own judgment that the awards should have been greater. Hence, the requirement of a new trial may not be sustained on this ground. Adams v. Wright, 403 So.2d 391, 393 (Fla. 1981); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); City of Miami v. Smith, 165 So.2d 748 (Fla. 1964); Travelers Indemnity Co. v. Hicks, 363 So.2d 628 (Fla. 3d DCA 1978); White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978); see generally, St. Regis Paper Co. v. Watson, 428 So.2d 243 (Fla. 1983).
*1050 Because the defendant had not introduced expert evidence on the issue at the trial, the trial court also found that it had erroneously instructed the jury[1] and permitted the Seaboard to argue that, as stated in Standard Jury Instruction 6.10, the plaintiff could recover only the present money value of his future medical expenses and loss of earning capacity. Again, we disagree. Even if, as it should not, the fact that neither the charge nor the argument was objected to below may be overlooked,[2] see Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979), we find that this conclusion was wrong on the merits. There is no question that SJI 6.10 correctly represents the law of Florida. Braddock v. Seaboard Air Line R. Co., 80 So.2d 662 (Fla. 1955). In fact, it would have been reversible error if the charge had not been given. DuPuis v. Heider, 113 Fla. 679, 152 So. 659 (1934); Norman v. Mullin, 249 So.2d 733 (Fla. 3d DCA 1971). Furthermore, although such evidence is indeed admissible at the behest of either party, Annot., Damages  Testimony by Actuary, 79 A.L.R.2d 275 (1961); see City of Tallahassee v. Ashmore, 158 Fla. 73, 27 So.2d 660 (1946), it is not, contrary to the ruling below, a prerequisite to the instruction that the defendant introduce sworn testimony as to the mathematical manner in which reduction to present money value is calculated. Pennsylvania R. Co. v. McKinley, 288 F.2d 262 (6th Cir.1961); Andrews v. Gulfstream Ventures, Inc., 411 So.2d 1336 (Fla. 4th DCA 1982), rev. denied, 419 So.2d 1195 (Fla. 1982); cf. Haddigan v. Harkins, 441 F.2d 844 (3d Cir.1970) (failure of plaintiff to introduce such evidence results in reversal on defendant's appeal).[3] Not only is there apparently no reported decision to the contrary of this proposition, we are convinced, viewing the matter independently, that it represents a sound rule. Jurors, as persons of common experience, know generally that one needs to invest less than a dollar today to insure the return of a dollar in the future, so that expert testimony, while helpful, may hardly be considered indispensable to a consideration of the question. See 31 Am.Jur.2d Expert and Opinion Evidence § 19 (1967). Moreover, it is the plaintiff whose right vel non to recover for future monetary losses is limited by the reduction requirement. See Braddock v. Seaboard Air Line R. Co., supra; Haddigan v. Harkins, supra.[4] In the light of both of these factors, we find no warrant whatever for imposing a burden of presenting such testimony upon the defendant.[5]
For these reasons, the order is reversed and the cause remanded with directions to enter judgment on the verdicts.
Reversed.
NOTES
[1] amount which you allow in damages for future medical expenses or for future loss of ability to earn money should be reduced to their present money value and only the present money value of such amount should be included in your verdict.
[2] At the beginning of the charge conference, the trial judge purported to reserve any objections either side may later assert to his rulings without the necessity of counsel's articulating them. This attempted, but wholly unauthorized, blanket "pre-waiver" could not serve to excuse the parties from compliance with the applicable rules and principles which require timely preservation of error at the trial. Fla.R. Civ.P. 1.470; see generally, Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980).
[3] Our citation of this decision, which is itself contrary to the majority rule that neither party is required to introduce such evidence, is not to be taken as an endorsement of its holding. The question of whether the plaintiff has such an obligation is not before us.
[4] The appellees are clearly conceptually incorrect in their contention that present money value involves an issue of mitigation of the plaintiff's otherwise-established damages as to which the defendant bears the burden of proof. Cf. Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33 (Fla. 3d DCA 1979). Instead, the only recoverable element of the plaintiff's claim to future monetary losses is their present value.
[5] We repeat the caveat contained in note 3.