541 So.2d 90 (1989)
In re STANDARD JURY INSTRUCTIONS (CIVIL CASES 88-2).
No. 73122.
Supreme Court of Florida.
March 2, 1989.
Robert P. Smith, Jr., Chairman, Committee on Standard Jury Instructions (Civil), Tallahassee, and Sam Daniels, Miami, for petitioner.
Sammy S. Cacciatore, Jr. of Nance, Cacciatore, Sisserson & Duryea, P.A., Melbourne, and C. Rufus Pennington, III, Jacksonville, for Academy of Florida Trial Lawyers.
T. Rankin Terry, Jr. of Terry & Terry, Fort Myers, and Jesse S. Faerber of Fenster and Faerber, P.A., Plantation, for respondent.
PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions (Civil) has recommended to this Court that the Florida Bar be authorized to publish as additions to Florida Standard Jury Instructions (Civil), subject to the usage and qualifications stated in Florida Rule of Civil Procedure Form 1.985, Standard Jury Instructions, the two model forms of itemized damage verdicts with a note on use and comments, entitled:

MODEL FORM OF VERDICT ITEMIZING PERSONAL INJURY DAMAGES

(TORT REFORM ACT OF 1986, § 768.77 F.S. 1987)
and

MODEL FORM OF VERDICT ITEMIZING WRONGFUL DEATH DAMAGES

(TORT REFORM ACT OF 1986, § 768.77 F.S. 1987)
The committee reports that its recommendation is the product of efforts by the committee, for more than a year, to devise a basic form of damage verdict that is both responsive to the requirements of sections 768.77 and 768.78, Florida Statutes (1987) (chapter 86-160, sections 56, 57, Laws of Florida), and conservative of the values, simplicity chief among these, that the bench and bar have long associated with general verdicts. It suggests that the model forms are a reasoned accommodation of one imperative to the other.
We invited comments regarding the committee's recommendations and entertained oral argument on its request. Some legitimate concern has been expressed in demanding of a jury a calculation of reducing awards for future damages to present-day values. It has been suggested that we should ignore the provisions of sections 768.77 and 768.78 in structuring verdict forms because of a perceived legislative invasion of a judicial function.
Without passing on any constitutional objections we accept the committee's recommendations as a good faith effort to accommodate the legislature and the courts and thus approve the publication as requested.[*] These forms are the result of great study, consideration, and compromise and are worthy of publication. As we have always stated, however, our approval for publication is not an adjudication on the merits of the form, substance, or correctness of the instructions nor an approval of the notes and comments of the committee. Any litigant, in an appropriate forum, may raise any issue in connection with their use. We commend the committee for conscientious, dedicated service in providing these model forms. The new forms are attached to this opinion and will be effective immediately upon its filing.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

*91 MODEL FORM OF VERDICT ITEMIZING PERSONAL INJURY DAMAGES

(TORT REFORM ACT OF 1986, § 768.77 F.S. 1987)

These or similar instructions should appear in the verdict form after findings on liability issues.
If you find for (defendant), you need not proceed further except to sign and return your verdict. By answering the following questions you will determine the damages if any that (name claimant or claimants) sustained as a result of the incident in question. [In determining the amount of damages, do not make any reduction because of the negligence, if any, of (name). If you find that (name) was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.]

1. What is the amount of any damages sustained
 for [medical expenses] [and] [lost
 earnings or earning ability] in the past? $ _____
2. What is the amount of any future damages
 for [medical expenses] [and] [lost
 earning ability] to be sustained in future
 years?
 a. Total damages over future
 years? $ _____
 b. The number of years over
 which those future damages
 are intended to provide compensation? ______
 c. What is the present value of
 those future damages? $ _____
3. What is the amount of any damages for
 [pain and suffering] [, disability] [, physical
 impairment] [, disfigurement] [, mental
 anguish] [, inconvenience] [, aggravation
 of a disease or physical defect] [or]
 [loss of capacity for the enjoyment of
 life],
 a. in the past? $ _____
 b. in the future? $ _____
 TOTAL DAMAGES OF (name claimant) $ _____
 (add lines 1, 2c, 3a and 3b)
4. What is the amount of any damages sustained
 by (name spouse) in loss of [his
 wife's] [her husband's] services, comfort,
 society and attentions,
 a. in the past? $ _____
 b. in the future? $ _____
 TOTAL DAMAGES OF (name claimant
 spouse) $ _____

Note on use of itemized verdict form
The clarity of the verdict form and the accuracy of the "TOTAL DAMAGES" verdict depend on the form calling for item 2a, the total economic damages to be sustained over future years, to be inserted in the indented column as shown in the model rather than in the far column of figures to be added for a sum of "TOTAL DAMAGES". If the verdict form available in a particular case cannot clearly differentiate those columns, the Committee recommends that the "TOTAL DAMAGES" sum be omitted to avoid the possibility of the jury adding future economic damages twice.

Comments on itemized verdict form
1. This verdict form represents the Committee's effort to design the leanest possible model conforming to a defensible interpretation of §§ 768.77 and .78, F.S. 1987. Its publication does not imply any view of the constitutionality of § 768.77 under Art. II, Sec. 3, Fla. Const., nor any view of whether or when the parties by agreement may dispense with verdict items that the Committee interprets the statute to require.
2. The Committee acknowledges but does not adopt certain interpretations of §§ 768.77 and .78 that would require a materially different verdict form: the view that the statute requires only an undisclosed computation of present value, not the future total, as well, of future economic damages; the view that different types of economic damages must be itemized separately and reduced separately to present value; and the view that the number of years of future noneconomic damages must be set forth by the trier of fact. The Committee's rationale is discussed at greater length in The Florida Bar News, Vol. 15, No. 15 (August 1, 1988).
3. Although § 768.77 may well be read as requiring specification of the number of years of future noneconomic damages, the complexity added to the verdict is to no end: that information serves no purpose in § 768.78, Alternative methods of payment of [economic] damage awards. The questioned language in § 768.77 apparently is a remnant of statutes effective from 1976 to 1985 requiring itemization in medical malpractice verdicts. § 768.48 F.S. (1976 Supp.), amended by Ch. 85-175, Sec. 11. Former § 768.51, however, authorized extended payout of future noneconomic as *92 well as economic damages, a purpose absent from present § 768.78. Verdicts itemized as required by those former statutes were commonly waived, accounting for the absence of judicial decisions and a recommended model form of verdict appropriate to the former statutes.
4. As is apparent, the Committee's strategy is to preserve the characteristics of a general verdict insofar as the statute may be interpreted to grant that latitude, and to avoid any elaboration whose general acceptance would tend to preempt questions requiring a judicial decision that additional itemization is or is not necessary.
5. Parent's damages for loss of child's services and earnings. The Committee expresses no opinion of whether such future damages are "economic" within the meaning of § 768.78(2) and require itemization of years and reduction to present value.

MODEL FORM OF VERDICT ITEMIZING WRONGFUL DEATH DAMAGES

(TORT REFORM ACT OF 1986, § 768.77 F.S. 1987)

These or similar instructions should appear in the verdict form after findings on liability issues.
If you find for (defendant), you need not proceed further except to sign and return your verdict. By answering the following questions you will determine the damages if any that (name claimant or claimants) sustained as a result of the incident in question. [In determining the amount of damages, do not make any reduction because of the negligence, if any, of (name). If you find that (name) was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.]

1. What is the amount of any earnings lost
 by the estate from the date of injury to
 the date of death? (Do not include
 amount of any support lost by a survivor
 in that period.) $ _____
2. What is the amount of any net accumulations
 lost by the estate? $ _____
3. What is the amount of any medical or
 funeral expenses resulting from (name's)
 injury and death charged to the estate or
 paid by someone other than a survivor? $ _____
4. What is the amount of any medical or
 funeral expenses paid by (name), a survivor? $ _____
5. What is the amount of any loss by (name
 survivor) of the decedent's support and
 services.
 a. from the date of injury to
 the present? $ _____
 b. in the future? $ _____
 What is the number of years
 over which those future damages
 are intended to provide
 compensation? ______
 What is the present value of
 those future damages? $ _____
6. What is the amount of any damages sustained
 by (name spouse) in the loss of [his
 wife's] [her husband's] companionship and
 protection and in pain and suffering as a
 result of the decedent's injury and death,
 a. in the past? $ _____
 b. in the future? $ _____
7. What is the amount of any damages sustained
 by (name minor child) in the loss
 of parental companionship, instruction
 and guidance, and in the child's pain and
 suffering as a result of the decedent's
 injury and death,
 a. in the past? $ _____
 b. in the future? $ _____
8. What is the amount of any damages sustained
 by (name parents) in pain and
 suffering as a result of the injury and
 death of (name minor child),
 a. in the past? $ _____
 b. in the future? $ _____

Note on Use and Comments
See Note on Use and Comments supra, SJI ____.
NOTES
[*] The committee may wish to prepare an additional instruction advising a jury on how to reduce future damages to present value.