McDonald, justice.
The Supreme Court Committee on Standard Jury Instructions (Civil) recommends that The Florida Bar be authorized to publish, as additions to Florida Standard Jury Instructions (Civil), amendments to SJI 6.10, Reduction of Damages to Present Money Value. This amended instruction is offered in response to the Court’s suggestion that “[t]he committee may wish to prepare an additional instruction advising a jury on how to reduce future damages to present value.” In re Standard Jury Instructions (Civil Cases 88-2), 541 So.2d 90, 90 n.* (Fla. 1989). After publication in The Florida Bar News, the committee considered responses it received and made minor revisions. The committee advises that the instruction does not purport to tell a jury how to reduce future damages to present value,* but suggests that it does provide some definition of present value. The comments refer to various methodologies which may be used to reduce future damages to present value.
We approve the publication of the amended instruction. In doing so we express no opinion on the legal correctness of the instruction, the comments thereto, nor the extent to which, if any, the instruction should be amplified in a given case. The amended instruction is set out in the appendix attached to this opinion and will be effective the date this opinion is filed.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
APPENDIX
6.10
REDUCTION OF DAMAGES TO PRESENT VALUE
Any amount of damages which you allow for [future medical expenses], [loss of ability to earn money in the future], [or] [ (describe any other future economic loss which is subject to reduction to present value)] should be reduced to its present money value [and only the present money value of these future economic damages should be included in your verdict] [and both the amount of such future economic damages and their present money value should be stated in your verdict].
The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate (claimant) for these losses as they are actually experienced in future years.

Notes on use and comment

1. The first alternative clause at the end of the first paragraph is suitable when *295 it is agreed or determined that the verdict may report the present value only of future economic damages. The second bracketed clause ending the first paragraph should be given when using one of the itemized verdict forms in Part VIII to comply with sec. 768.77, F.S. (1989).
2. The Supreme Court opinion approving publication of basic itemized verdict forms for personal injury and wrongful death cases states: “The committee may wish to prepare an additional instruction advising a jury on how to reduce future damages to present value.” In re Standard Jury Instructions (Civil Cases 88-2), 541 So.2d 90 (Fla.1989). Designing a standard instruction is complicated by the fact that there are several different methods used by economists and courts to arrive at a present value determination. See, e.g., Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla.1989), and Renuart Lumber Yards v. Levine, 49 So.2d 97 (Fla.1950) (using approach similar to calculation of cost of annuity); Jones & Laughlin Steel Cory. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and Loftin v. Wilson, 67 So.2d 185 (Fla.1953) (lost stream of income approach); Beaulieu v. Elliott, 434 P.2d 665 (Alaska 1967) (total offset method); Culver v. Slater Boat Co., 688 F.2d 280 (5th Cir.1982), and Seaboard Coast Line R.R. v. Garrison, 336 So.2d 423 (Fla. 2d DCA 1976) (discussing real interest rate discount method and inflation/market rate discount methods); and Bould v. Touchette, 349 So.2d 1181 (Fla.1977) (even without evidence, juries may consider the effects of inflation).
Until the Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury properly resorts to its own common knowledge as guided by SJI 6.10 and by argument. See Seaboard Coast Line R.R. v. Burdi, 427 So.2d 1048 (Fla. 3d DCA), review dismissed, 431 So.2d 988 (Fla.1983).

 It had been anticipated by the Court that this could be accomplished.