575 So.2d 194 (1991)
In re STANDARD JURY INSTRUCTIONS (CIVIL CASES 89-1).
No. 74904.
Supreme Court of Florida.
January 18, 1991.
Donald H. Partington, Chair, of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for petitioner, Committee of Standard Jury Instructions (Civil).
Talbot D'Alemberte, Donald M. Middlebrooks, Thomas R. Julin, Adalberto Jordan, Jennifer Prior Devin of Steel, Hector & *195 Davis, Samuel A. Terilli, Jr. and Jerold I. Budney, of The Miami Herald Pub. Co., Miami, Patricia F. Anderson of Rahdert & Anderson, St. Petersburg, and George Freeman and Deborah R. Linfield of The New York Times Co., New York City, for respondents, The Miami Herald Pub. Co., Palm Beach Newspapers, Inc., Review Publications, Inc., Times Pub. Co., The News-Sun/Avon Park, The News-Leader (Fernandina Beach), The Gainesville Sun, The Lake City Reporter, The Ledger (Lakeland), The Daily Commercial (Leesburg), The Marco Island Eagle, The Ocala Star-Banner, The Palatka Daily News, Sarasota Herald-Tribune, and The News-Sun (Sebring).
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) recommends a comprehensive revision of Part MI 4 Defamation. According to the Committee, the revision "is necessary to bring the charges into conformity with existing law." We approve for publication the Committee's proposed comprehensive revision of Part MI 4 Defamation which follows this opinion.
Members of the media responded to the Committee's Supplemental Report No. 89-1, raising perceived constitutional as well as common law deficiencies in the proposed revised instructions. The constitutional issues and a majority of the common law issues raised in the responses were recognized by the Committee and discussed in the Committee's comments. We accordingly decline the invitation of respondents to remand to the Committee for reconsideration of the arguments raised. We also decline, at this point in time, to make amendments to the proposed revised instructions. As we have previously stated, however, "our approval for publication is not an adjudication on the merits of the form, substance, or correctness of the instructions nor an approval of the notes and comments of the committee. Any litigant, in an appropriate forum, may raise any issue in connection with their use." In re Standard Jury Instructions (Civil Cases 88-2), 541 So.2d 90, 90 (Fla. 1989).
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
BARKETT, J., dissents with an opinion.

MI 4

DEFAMATION

GENERAL NOTE ON USE
The 1989 revision of MI 4 DEFAMATION recommends three alternative charges on liability issues, MI 4.1 through 4.3. MI 4.1 is the proper charge if claimant is a public official or a public figure, so by First Amendment standards must prove that defendant made a false defamatory statement with "actual malice." MI 4.2 is the proper charge if claimant is not a public person but defendant is a member of the press or broadcast media publishing on a matter of public concern, who by First Amendment standards cannot be held liable for a false publication without proof of fault. If MI 4.1 or MI 4.2 are not applicable, MI 4.3, which expresses Florida's truth and good motives defense and the qualified privilege to speak falsely but without "express malice," is the proper charge.
These categories and their boundaries are debatable and in flux, due to the unique influence upon them of both federal and Florida constitutional law as well as the common law. To enable assessment of the recommended charges, the Committee explains its recommendations in the Comments following, and calls attention to areas of evident dispute.
The Committee recommends that at the outset of the charge, when practicable, the court identify the alleged defamatory statement and its alleged defamatory meaning.
MI 4.4 recommends charges on causation and compensatory damages, and on punitive damages where appropriate under Florida law and not forbidden by the U.S. Constitution.

*196 MI 4.1

DEFAMATION:

PUBLIC OFFICIAL OR PUBLIC FIGURE CLAIMANT
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether publication concerning claimant was made as claimed:
Whether (defendant) [made] [published] [broadcast] the statement concerning (claimant) as (claimant) contends; and, if so,

b. Issue whether publication was false and defamatory:
Whether (defendant's) statement concerning (claimant) was in some significant respect a false statement of fact and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
If the greater weight of the evidence does not support the claim of (claimant) on the issues I have just mentioned, then your verdict should be for (defendant). "Greater weight of the evidence" means the more persuasive force and effect of the entire evidence in the case. However, if the greater weight of the evidence does support the claim of (claimant) on those issues, then:

c. Issue whether defendant acted with actual malice:
You must next determine whether clear and convincing evidence shows that at the time the statement was made (defendant) knew the statement was false or had serious doubts as to its truth.
"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
If clear and convincing evidence does not show that (defendant) knew when the statement was made that it was false, or that he had serious doubts then as to its truth, your verdict should be for (defendant).
However, if clear and convincing evidence does support (claimant's) claim on this issue, and the greater weight of the evidence supports (claimant's) claim on the other issues on which I have instructed you, then your verdict should be for (claimant).
Proceed to MI 4.4, Defamation: Causation and Damages.

MI 4.2

DEFAMATION:

PRIVATE CLAIMANT, MEDIA DEFENDANT
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether publication concerning claimant was made as claimed:
Whether (defendant) [published] [broadcast] the statement concerning (claimant) as (claimant) contends; and, if so,

b. Issue whether publication was false and defamatory:
Whether (defendant's) statement concerning (claimant) was in some significant respect a false statement of fact and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime]; and, if so,

c. Issue whether defendant was negligent:
Whether (defendant) was negligent in making that statement. Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
If the greater weight of the evidence does not support the claim of (claimant) on these issues, then your verdict should be *197 for (defendant). However, if the greater weight of the evidence does support the claim of (claimant) on these issues, then your verdict should be for (claimant) and against (defendant).
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
Proceed to MI 4.4, Defamation: Causation and Damages.

MI 4.3

DEFAMATION: PRIVATE CLAIMANT, NONMEDIA DEFENDANT WITH OR WITHOUT QUALIFIED PRIVILEGE
The issues for your determination on the claim of (claimant) against (defendant) are:

a. Issue whether a defamatory publication concerning claimant was made as claimed:
Whether (defendant) made the statement concerning (claimant) as (claimant) contends; and, if so, whether the statement [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in his business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
If the greater weight of the evidence does not support the claim of (claimant) on these issues, then your verdict should be for (defendant). However, if the greater weight of the evidence does support the claim of (claimant) on these issues, then [your verdict should be for (claimant) in the total amount of his damages] [you shall consider [the defense of truth and good motives] [and] [the defense of privilege] raised by (defendant)].

b. Defense issues of truth and good motives:
On the [first] defense, the issue for your determination is whether the statement made by (defendant) was substantially true and was made by (defendant) with good motives.
If the greater weight of the evidence supports this defense, your verdict should be for (defendant).
If the greater weight of the evidence does not support this defense, [and the greater weight of the evidence does support the claim of (claimant) on the issues I previously mentioned, then your verdict should be for (claimant) in the total amount of his damages.] [then you shall consider the defense of privilege raised by (defendant).]

c. Defense issue whether defendant had qualified privilege:

If defendant has a qualified privilege as a matter of law, skip to 4.3d.

On the defense of privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as (defendant) is privileged to make a statement to [someone such as (name)] [an audience such as (describe)] about another such as (claimant), even if the statement is untrue, under the following circumstances:
Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts which if proved would give rise to a qualified privilege. See Comment 6.
If the greater weight of the evidence does not show that these circumstances existed, then you must find that (defendant) had no privilege to make such a statement even with proper motives. However, if the greater weight of the evidence does show that (defendant) spoke under circumstances creating such a privilege, then you should determine whether, as (claimant) contends, (defendant) made the statement with improper motives abusing that privilege.

d. Issue whether defendant abused qualified privilege:
[(Defendant) had a privilege to make a statement even if untrue, provided he did so with proper motives. Such a privilege existed because]
Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts giving rise to the qualified privilege. See Comment 6.
*198 The issue for your determination is therefore whether, as (claimant) contends, (defendant) made the statement with improper motives abusing that privilege. One makes a false statement about another with improper motives if one's primary motive and purpose in making the statement is to gratify one's ill will, hostility and intent to harm the other, rather than [to advance or protect (defendant's) interest, right or duty to speak to (name) on that subject] [or] [to advance or protect the interests of the person to whom the statement was made].
If the greater weight of the evidence does not support the claim of (claimant) that (defendant) abused any privilege he had [and the greater weight of the evidence does support the defense of privilege], then your verdict should be for (defendant).
However, if the greater weight of the evidence does support the claim of (claimant) that (defendant) abused any privilege he had, then your verdict should be for (claimant) in the total amount of his damages.

e. "Greater weight of evidence" defined:
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.
Proceed to MI 4.4, Defamation: Causation and Damages.

MI 4.4

DEFAMATION: CAUSATION AND DAMAGES
If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [injury] [or] [damage] as the greater weight of the evidence shows was caused by the [statement] [publication] complained of. A [statement] [publication] is a cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage]. If you find for (claimant), you shall consider the following elements of damage:

a. Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:
Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past [or to be experienced in the future]. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

b. Aggravation or activation of disease or defect:
Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such [statement] [publication]. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant's) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the [statement] [publication], you should consider and make allowance in your verdict for the entire condition.

c. Medical expenses:

The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) [for his wife] in the past [or to be so obtained in the future].

d. Lost earnings, lost time, lost earning capacity:

(1) When lost earnings or lost working time shown:
[Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].

(2) When earnings or lost working time not shown:
Any loss of ability to earn money sustained in the past [and any such loss in the future].

*199 e. Reduction to present value:

Any amounts which you allow in damages for [loss of ability to earn money in the future] [or] [(describe any other future economic loss subject to reduction to present value)] should be reduced to their present money value [and only the present money value of such amounts should be included in your verdict] [and you should state in the verdict form provided to you both the total of such future damages and their present value].

f. Nominal damages:

If you find for (claimant) but find that no [loss] [injury] [or] [damage] has been proved, you [should] [may] award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

g. Punitive damages:

If you find for (claimant) [and against defendant (name defendant whose conduct may warrant punitive damages)], you may consider whether in the circumstances of the case it is appropriate to award punitive damages, in addition to compensatory damages, as punishment and as a deterrent to others.

Standard if statement was on a matter of public concern:
In your discretion, you may award punitive damages if clear and convincing evidence shows that at the time of making the statement (defendant) knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that (defendant's) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).

Standard if statement was not on a matter of public concern:
In your discretion, you may award punitive damages if the greater weight of the evidence shows that (defendant's) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
If the greater weight of the evidence does not show conduct of such a character, you may not award punitive damages. You may in your discretion decline to award punitive damages even if you find there is a basis for such an award. [If you find that punitive damages should be assessed against [the] [any] defendant, then in fixing the amount of such damages, you should consider the nature, extent, and degree of the misconduct and the related circumstances [including the financial resources of such defendant].] [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant in different amounts.]
Use SJI 6.12b and c as necessary for attributed and vicarious liability.

COMMENTS
1. Identifying the statement; publication issue. The Committee recommends that the alleged defamatory statement be expressly identified in the jury instructions. An additional charge on the "publication" issue, not here included, will be necessary if there is an issue whether the statement was in fact heard or read by someone other than the claimant.
2. Status of claimant or defendant decisive of First Amendment standards, MI 4.1 and MI 4.2. If claimant was a public official or was a public figure for all or for limited purposes in the case at hand, as in MI 4.1, the First Amendment requires claimant to prove that defendant's statement was false, Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964), and that defendant made it with "actual malice." New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). If defendant was a member of the press or broadcast media publishing on a matter of public concern, MI 4.2, the First Amendment requires claimant to prove falsity and fault. Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 775-76, 106 S.Ct. 1558, 1563-64, 89 L.Ed.2d 783 (1986); Gertz v. Robert Welch, Inc., 418 U.S. 323, 347, 94 S.Ct. 2997, 3010, 41 L.Ed.2d 789 (1974). In Florida, defendant was at fault if he was at *200 least negligent. Miami Herald Publishing Co. v. Ane, 458 So.2d 239 (Fla. 1984). Until a standard for identifying "speech on a matter of public concern" is made clearer and manageable as a matter of law or fact, the Committee treats any media defendant as entitled to MI 4.2 status and assumes that any nonmedia defendant is governed by MI 4.3. Despite criticism of the categorical distinction both on First Amendment grounds, Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 783-84, 105 S.Ct. 2939, 2957-58, 86 L.Ed.2d 593 (1985) (dissenting opinion), and for want of evenhandedness at common law, infra Comment 4, neither the United States nor Florida Supreme Court has yet denied any media defendant MI 4.2 status saying the publication wasn't on a matter of public concern; and neither Court has yet exempted a nonmedia defendant from MI 4.3 standards governing compensatory damage liability by declaring defendant's statement to be, as a matter of law or fact, or public concern. Status issues determining the choice of MI 4.1, MI 4.2, or MI 4.3 are commonly decided as a matter of law, and therefore are omitted from these charges. Rosenblatt v. Baer, 383 U.S. 75, 88, 86 S.Ct. 669, 677, 15 L.Ed.2d 597 (1966); Friedgood v. Peters Publishing Co., 521 So.2d 236 (Fla. 4th DCA 1988); Della-Donna v. Gore Newspapers Co., 489 So.2d 72 (Fla. 4th DCA 1986). If a status issue is deemed a jury question, it may be submitted by a preliminary instruction modeled after MI 4.3c on the existence of a qualified privilege. Then the court must frame alternative liability issues chosen from MI 4.1, MI 4.2 or MI 4.3.
3. Actual malice, clear and convincing proof, MI 4.1. "Actual malice" has connotations other than its First Amendment meaning, so MI 4.1 avoids the term and uses the definition instead: whether defendant in making the defamatory statement (about the public person claimant) knew his statement was false or seriously doubted its truth. Defendant's state of mind can be proved circumstantially. St. Amant v. Thompson, 390 U.S. 727, 732, 88 S.Ct. 1323, 1326, 20 L.Ed.2d 262 (1968); Hunt v. Liberty Lobby, 720 F.2d 631, 643 (11th Cir.1983). Claimant's burden is proof by "clear and convincing" evidence. Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 773, 106 S.Ct. 1558, 1562, 89 L.Ed.2d 783 (1986); Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989).
4. Truth or falsity, preponderance of evidence, MI 4.1, MI 4.2, MI 4.3. The First Amendment requires plaintiff to prove falsity in MI 4.1 and MI 4.2 cases. Comment 1 supra. Defendant must prove truth in MI 4.3 cases because the common law presumes any statement made with defaming effect was false. Jones, Varnum & Co. v. Townsend's Adm'x., 21 Fla. 431 (1885). Accord, Firestone v. Time, Inc., 460 F.2d 712, 722 (5th Cir.1972) (concurring op.); Curtis Publishing Co. v. Fraser, 209 F.2d 1, 9 and fn. 6 (5th Cir.1954); Drennen v. Westinghouse Elec. Corp., 328 So.2d 52, 55 (Fla. 1st DCA 1976); Miami Herald Publishing Co. v. Brautigam, 127 So.2d 718, 723 (Fla. 3d DCA 1961), cert. denied, 369 U.S. 821, 82 S.Ct. 828, 7 L.Ed.2d 786 (1962). Moreover, Florida may have made truth a "defense" issue constitutionally, Comment 5 infra. The issue is phrased as whether the statement "was false in some significant respect," MI 4.1 and MI 4.2, or "was substantially true," MI 4.3, not turning on insignificant detail. E.g., Times Publishing Co. v. Huffstetler, 409 So.2d 112, 113 (Fla. 5th DCA 1982). Whether the First Amendment requires proof of falsity by a simple preponderance or by clear and convincing evidence (as on the actual malice issue, MI 4.1), is unclear. Harte-Hanks Communications, Inc. v. Connaughton, supra, 491 U.S. 657, n. 2, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989). The Committee assumes "the greater weight" suffices for proof of falsity in MI 4.1 and MI 4.2, as it does for proof of truth in MI 4.3. The SJI 3.9 definition is used in MI 4.2, but MI 4.1 omits part of the familiar phrase, "the more persuasive and convincing force and effect," to avoid confusion with the clear and convincing standard also in MI 4.1 and defined there as in Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983).
*201 5. Nodar's dictum: How does the First Amendment fault standard apply in MI 4.3? The Florida Supreme Court said in Nodar v. Galbreath, 462 So.2d 803 (Fla. 1984), that if the First Amendment requires proof of negligence against the media, Comment 1 supra, the common law should extend the same protection to all: "If common-law remedies for defamation are to be constitutionally restricted in actions against media defendants, they should also be restricted in actions against private, non-media speakers and publishers." Nodar, 462 So.2d at 808. Nodar was decided, however, on "common-law principles of qualified privilege," Ibid., so it was unnecessary to decide "how the negligence standard applies in this case." Id. Pending further implementation in Florida of Nodar's dictum, or a decision that one's media status is not decisive, see Comment 1, MI 4.2 continues to distinguish media defendants, publishing on matters of public concern, from all other defendants; MI 4.1 distinguishes public person claimants; and all other cases fall under MI 4.3, which makes no reference to negligence.
6. Florida's truth "and good motives" defense, MI 4.3. Article I, section 4, Florida Constitution (1968) provides what the 1885 Constitution referred to in the title to section 13 of the Declaration of Rights as a "defense to libel": "In all ... actions for defamation the truth may be given in evidence. If the matter charged as defamatory is true and was published with good motives, the party shall be ... exonerated." "Truth and good motives," despite its history, is not well elaborated by the case-law. [Note that the United States Supreme Court has reserved the question whether in a First Amendment context it can ever be actionable, whatever the motive, to speak the truth. The Florida Star v. B.J.F., 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989).] Pending a Florida case decision explaining its meaning and effect, the Committee assumes that the "truth and good motives" provision tolerates at least as wide a range of motives for speaking the truth as the common law tolerates for speaking untruthfully in a privileged situation. MI 4.3b therefore asks whether defendant spoke both truthfully and with "good motives" and, if so, requires a verdict for defendant. Only if the jury finds otherwise is it then asked, MI 4.3c and d, whether defendant had a qualified privilege and, if so, whether he spoke with express malice resulting in liability despite the privilege. Truth-or-falsity is not asked a second time, since proof of truth is not necessary to a qualified privilege defense, MI 4.3c and d.
7. Qualified privilege for defendant under Florida law, MI 4.3. Defendant has a qualified privilege to make a false defamatory statement if he has reason to speak concerning claimant to an appropriate audience on a particular subject or occasion. Such a person is not liable without proof of "express malice" as described in MI 4.3c. Nodar, 462 So.2d at 811 n. 8; Boehm v. Kovens, 554 So.2d 622 (Fla. 3d DCA 1989). Nodar describes the qualified privilege as granted to one having an interest or a legal, moral, or social duty in regard to a certain subject, when speaking to another "having a corresponding interest or duty." Examples: "a communication to an employer regarding his employee's performance"; "communications for bona fide commercial purposes where the interest to be protected is the recipient's"; "statements of a citizen to a political authority regarding matters of public concern." Whether there was a privilege, apart from the question of its abuse, may be determined by the court if the evidence is undisputed. But if not, a threshold charge as in MI 4.3b is necessary, followed by MI 4.3c or MI 4.3d or both. See, e.g., Knepper v. Genstar Corp., 537 So.2d 619 (Fla. 3d DCA 1988); Drennen v. Westinghouse Elec. Corp., 328 So.2d 52 (Fla. 1st DCA 1976). Contrast Nodar, 462 So.2d at 810.
8. Damages generally, MI 4.4. The causation and injury issues stated in MI 4.5a through d are unchanged in the 1989 revision, but are renumbered as MI 4.4a through d. MI 4.4e Reduction of Damages to Present Value simply refers to SJI 6.10 pending further efforts "to prepare an additional instruction advising a jury on how to reduce future damages to present value." *202 In re Standard Jury Instructions (Civil Cases 88-2), 541 So.2d 90 (Fla. 1989).
9. Nominal damages, MI 4.4f. Nominal damages for "presumed" injury, as distinguished from a small actual injury, cannot be recovered against media defendants without showing actual malice as required by MI 4.1 of public claimants. Gertz v. Robert Welch, Inc., 418 U.S. 323, 349-50, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); cf. Dun & Bradstreet v. Greenmoss Builders, 472 U.S. 749, 760-61, 105 S.Ct. 2939, 2945-46, 86 L.Ed.2d 593 (1985). In MI 4.3 cases, punitive damages may be awarded upon a finding of liability. See Ault v. Lohr, 538 So.2d 454 (Fla. 1989). Potential confusion in a general verdict form may be reduced by requiring a special verdict on liability as in Ault.
10. Punitive damages, MI 4.4g. Whether or not defendant's media/nonmedia status controls the standard of liability for compensatory damages, Comments 1 and 4, the standard for punitive damage liability depends not on defendant's status but on whether the defamatory statement was on a matter of public concern. Two alternative statements of the punitive damage standard therefore appear in MI 4.4g. If the statement was on a matter of public concern, the standard of liability for punitive damages is both the First Amendment actual malice standard, Dun & Bradstreet, and express malice as defined by Florida law. Nodar, 462 So.2d at 811 n. 8; Rabren v. Straigis, 498 So.2d 1362 (Fla. 2d DCA 1986). If the statement was not on a matter of public concern, punitive damages are controlled by Florida's express malice standard alone. Added charges on vicarious and attributed liability for punitive damages are found in SJI 6.12b and c.
BARKETT, Justice, dissenting.
I do not believe these standard jury instructions adequately and correctly reflect the state of defamation law. Moreover, I note that since the committee undertook its review of the instructions, the United States Supreme Court issued its decision in Milkovich v. Lorain Journal Co., ___ U.S. ___, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). I believe the better course for this Court would be to send the proposed revisions back to the committee for additional analysis and modification.
I note, as the majority does, that these standard instructions do not have the effect of law, and litigants should not rely on them as the correct constitutional or common law standards.